UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>MARISA GARCIA, *et al.* )<br>)<br>)<br>Defendants ) | CASE NO. 2:09-CV-022RM |

ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. *See* Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). The plaintiffs filed this complaint based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). To satisfy the requirement of "complete diversity," a plaintiff in federal court must demonstrate that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). The plaintiffs must therefore properly allege the citizenship of each party, not merely their state of residency. Further, limited liability companies are deemed to be citizens of every jurisdiction in which any member is a citizen. Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007)); *see also* Thomas v. Guardsmark, LLC, 487 F.3d at 534 ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability

1

company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.").

Although the case may be subject to remand on this ground, *see* Tylka v. Gerber Prods. Co., 211 F.3d 445 (7th Cir. 2000), the court instead affords the plaintiffs twenty days from the date of this order within which to file an amended complaint properly alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:  February 10, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court