UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO: 2:09-CV-022RM |
| MARISA GARCIA; SERGIO E. GARCIA; | ) |
| KERUSSO KONSTRUCTION KOMPANY | ) |
| LLC; KERUSSO REAL ESTATE LLC; | ) |
| REHAB LENDING TREE, LLC; | ) |
| KERUSSO REAL ESTATE; | ) |
| KERUSSO ASSET MANAGEMENT LLC, | ) |
| Defendants. | ) |

**Plaintiff's Motion to Strike Defendants' Jury Demand**

Plaintiff, Arthur D. Pringle III ("Pringle"), by counsel, moves the Court pursuant to Fed R. Civ. P. 39(a)(2), to strike the general jury demand contained in Defendants' Answer to Plaintiff's First Amended Complaint, and in support of this motion, Pringle states the following:

1. On February 29, 2003, Pringle filed its First Amended Complaint (the "Complaint").

2. The Complaint contains three Counts for relief, Count I seeking monetary damages under certain loan documents, Count II seeking replevin and foreclosure of security interest and Count III seeking appointment of a receiver.

3. Attached to the Complaint as Exhibit N is a Guaranty and Collateral Agreement dated December 20, 2007 (the "G & C Agreement").

4. Section 8.14 on page 21 of the G&C Agreement is written as follows:

    8.14 <u>Waiver of Jury Trial</u>.  EACH KERUSSO ENTITY AND THE LENDER HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS AGREEMENT AND ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION HEREWITH AND AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

5. Section 1 on page 3 of the G&C Agreement defines the Kerusso Entities as follows:

>  Kerusso Entities means a collective reference to each of Rehab Lending, K³ and Kerusso Real Estate, and Kerusso Entity is an individual reference to each of Rehab Lending, K³ and Kerusso Real Estate.

6. In the first natural paragraph on page 1 of the G&C Agreement Rehab Lending is defined as Rehab Lending Tree, LLC, an Indiana limited liability company; K³ is defined as Kerusso Konstruction Kompany LLC, an Indiana limited liability company; and Kerusso Real Estate is defined as Kerusso Real Estate LLC, an Indiana limited liability company.

7. In Defendants' Answer to Plaintiff's First Amended Complaint, Defendants made a general Jury Demand.

8. Fed. R. Civ. P. 39(a)(2) provides,
    (a)  When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
       (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
       (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

9. With respect to the Jury Demand made by Defendants, Rehab Lending Tree, LLC ("Rehab Lending"); Kerusso Konstruction Kompany LLC ("K³"); and Kerusso Real Estate LLC, ("Kerusso Real Estate"), Pringle seeks the enforcement of the jury waiver set forth in Section 8.14 of the G&C Agreement.

10. When discussing agreements that call for the waiver of a jury trial, the Seventh Circuit has stated that "there is no federal rule that bench-trial agreements must be attended by extra negotiation or depend on evidence of voluntariness beyond what is required to make the rest of the contract legally effective." IFC Credit Corporation v. United Business & Industrial Federal Credit Union, 512 F.3d 989, 993 (7th Cir. 2008).

11. The IFC decision further concluded that "state law governs the validity of a bench-trial agreement in a case under the diversity jurisdiction . . .." Id. at 994.

12. "Indiana courts have long recognized and respected the freedom to contract. We recognize a 'very strong presumption of enforceability of contracts that represent the freely bargained agreement of the parties.'" Ransburg v. Richards, 770 N.E.2d 393, 395 (Ind. Ct. App. 2002) (citations omitted).

13. Given the Seventh Circuit's decision to treat contractual provisions that waive jury trials just like any other normal contract governed by state law, and given Indiana law calling for the enforcement of freely bargained for agreements, Pringle requests that this Court strike the jury demand of Rehab Lending, K³, and Kerusso Real Estate, based on the clear and unambiguous language of Section 8.14 of the G&C Agreement.

14. As for Count II of the Complaint, which seeks replevin and foreclosure of security interest and Count III of the Complaint, which seeks for the appointment of a receiver, these two counts are equitable in nature, which should also be tried by this Court and not by any jury.

15. "If the only relief sought is equitable . . . neither the party seeking that relief nor the party opposing it is entitled to a jury trial." Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 648 (7th Cir. 2002).

16. "A suit to foreclose a chattel mortgage was of exclusive equitable jurisdiction prior to June 18, 1852, and under Acts 1881 (Spec. Sess.) ch. 38, § 370, p. 240 (§ 2-1204, Burns' 1933), the issues of law and fact in such cases must be tried by the court." George v. Massey Harris Co., 34 N.E.2d 956, 959 (Ind. Ct. App. 1941).

17. "The rule is, that whenever any essential part of a cause is exclusively of equitable cognizance, the right of trial by jury does not obtain, even though certain elements of an action of law may be incidentally involved." Id.

18. "The appointment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it." <u>Bitting v. Eyck</u>, 85 Ind. 357, 360 (1882).

19. Because Count III of the Complaint deals with the appointment of a receiver, because Count II of the Complaint primarily deals with the foreclosure of a chattel mortgage, and because both of these remedies are equitable in nature, Defendants' jury demand as to Counts II and III of the Complaint should be stricken, pursuant to the applicable federal and state law.

WHEREFORE, pursuant to Fed R. Civ. R. 39(a)(2), Pringle respectfully requests that Defendants' jury demand as to Counts II and III of the Complaint be stricken; respectfully requests that this Court strike all jury demands of Rehab Lending, K³, and Kerusso Real Estate as to all counts of the Complaint; and respectfully requests all other just and appropriate relief.

>Respectfully submitted,
>KORANSKY & BOUWER, P.C.
>
>BY:  /s/ Greg A. Bouwer
>GREG A. BOUWER (#16368-53)
>425 Joliet Street, Suite 425
>Dyer, Indiana 46311
>(219) 865-6700

### CERTIFICATE OF SERVICE

I certify that on the 20th day April, 2009 service of a true and correct copy of the above and foregoing pleading was made upon each party or attorney of record either via email notification or depositing in envelopes properly addressed to each of them and with sufficient first class postage affixed.

>KORANSKY & BOUWER, P.C.
>
>  /s/ Greg A. Bouwer

Service to:
Gordon E Gouveia
Gouveia & Associates
433 W 84th Drive
Merrillville, IN 46410