UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ARTHUR D. PRINGLE III, )
    Plaintiff, )
)
v. ) CAUSE NO.: 2:09-CV-22-RLM-PRC
)
MARISA GARCIA, *et al.*, )
    Defendants, )

## OPINION ORDER

This matter is before the Court on a Plaintiff's Motion to Strike Affirmative Defenses [DE 12], filed by Plaintiff on April 20, 2009. Defendants have failed to file a response brief and the time to do so has passed.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 23, 2009, Plaintiff filed his First Amended Complaint against Defendants, seeking money damages under certain loan documents, replevin and foreclosure of security interest, and appointment of a receiver. On March 31, 2009, Defendants filed an Answer and eight affirmative defenses. Defendants' third, fourth, fifth, sixth, and eight affirmative defenses provide:

> 3. Plaintiff's claim is barred due to lack of consideration.
> 4. Plaintiff's claim is barred based upon the doctrine of laches.
> 5. Plaintiff has failed to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b).
> 6. The Plaintiff does not have a perfected security interest in the alleged collateral.
> 8. The actions of the Plaintiff have impaired the Defendants [sic] guaranty.

Defs.' Aff. Defenses ¶¶ 3-6, 8.

On April 20, 2009, Plaintiff filed the instant Motion seeking to strike Defendants' third, fourth, fifth, sixth, and eight affirmative defenses. In particular, Plaintiff argues that the Court must

strike these affirmative defenses because Defendants have failed to provide any factual allegations in support of these defenses, making them legal conclusions.

**ANALYSIS**

Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses. *LaSalle Bank Nat'l Assoc. v. Paramont Properties*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008). Rule 12(f) provides that a court "may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Generally, motions to strike are disfavored because they "potentially serve only to delay." *Id*. However, when a motion to strike will "remove unnecessary clutter from the case, [they] serve to expedite, not delay." *Id*. Because affirmative defenses are pleadings, they are governed by Rule 8's requirement of a short and plain statement of defense. *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006). "Even under the liberal notice pleading standards of the Federal Rules, an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Id.* "[B]are bones conclusory allegations" are not sufficient. *Id.*

After reviewing Defendants' affirmative defenses, the Court concludes that Defendants have failed to adequately plead their defenses in accordance with Rule 8. First, Defendants' third affirmative defense asserts that "Plaintiff's claim is barred due to lack of consideration." Defs.' Aff. Defenses ¶ 3. However, this affirmative defense is merely a conclusory allegation that Defendants have not supported by any facts. Accordingly, Defendants' third affirmative defense is stricken without prejudice.

Next, Defendants' fourth affirmative defense invokes the doctrine of laches. Laches is an equitable defense that must be pled with the specific elements required to establish the defense. *Reis*, 462 F. Supp. 2d at 907. Defendants have failed to provide any facts supporting this defense which would put Plaintiff on notice as to the legal basis for this defense. Accordingly, Defendants' fourth affirmative defense is stricken without prejudice. *See id.* (striking affirmative defense of laches for failure to provide facts as to the legal basis for this defense).

Defendants' fifth affirmative defense provides that "Plaintiff has failed to state a claim upon which relief can be granted in accordance with [Rule] 12(b)." Defs.' Aff. Defenses ¶ 5. While "failure to state a claim" can be raised as an affirmative defense, Defendants need to adequately plead this defense in accordance with Rule 8. *Lasalle Bank*, 588 F. Supp. 2d at 860-61. Here, Defendants have failed to provide any explanation as to how and in what portion of Plaintiff's First Amended Complaint he has failed to state a claim. Accordingly, Defendants' fifth affirmative defense is stricken without prejudice. *See id.*

Finally, Defendants' sixth and eighth affirmative defenses provide that "Plaintiff does not have a perfected security interest in the alleged collateral,"Defs.' Aff. Defenses ¶ 6, and that Plaintiff's Actions have "impaired the Defendants (sic) guaranty." Defs.' Aff. Defenses ¶ 8. However, as with the other challenged affirmative defenses, Defendants have failed to provide facts in support. Defendants have not provided any facts that would provide Plaintiff with notice as to how or why the security interest is not perfected and how Plaintiff has impaired the guaranty. Accordingly, Defendants have failed to comply with Rule 8 and their sixth and eight affirmative defenses are stricken without prejudice.

## CONCLUSION

Having reviewed the instant Motion, the Court hereby **GRANTS** the Plaintiff's Motion to Strike Affirmative Defenses [DE 12] and **STRIKES without prejudice** Defendants' third, fourth, fifth, sixth, and eight affirmative defenses.

SO ORDERED this 2nd day of June, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record