**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ARTHUR D. PRINGLE III, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARISA GARCIA, *et al.*, )<br>    Defendants, ) | CAUSE NO.: 2:09-CV-22-RLM-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Motion to Strike Defendants' Jury Demand [DE 13], filed by Plaintiff on April 20, 2009. Defendants have failed to file a response brief and the time to do so has passed.

**PROCEDURAL AND FACTUAL BACKGROUND**

On February 23, 2009, Plaintiff filed his First Amended Complaint against Defendants, seeking money damages under certain loan documents, replevin and foreclosure of security interest, and appointment of a receiver. Attached to the Complaint, Plaintiff included a copy of the parties' Guaranty and Collateral Agreement, dated December 20, 2007, which provides in party:

> 8.14 <u>Waiver of Jury Trial</u>. EACH KERUSSO ENTITY[1] AND THE LENDER HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS AGREEMENT AND ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION HEREWITH AND AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

---

[1] The Guaranty and Collateral Agreement defines the "Kerusso Entities" as including Defendants Rehab Lending Tree, LLC, Kerusso Konstruction Kompany LLC, and Kerusso Real Estate LLC. *See* Pl.'s First Am. Compl., Ex. N at 1, 3.

Pl.'s First Am. Compl., Ex. N, ¶ 8.14.

On March 31, 2009, Defendants filed an Answer in which Defendants requested a trial by jury in the instant matter. On April 20, 2009, Plaintiff filed the instant Motion seeking to strike Defendants' jury demand. In particular, Plaintiff argues that Defendants Rehab Lending Tree, LLC, Kerusso Konstruction Kompany, LLC, and Kerusso Real Estate, LLC, waived their right to a jury trial in this matter by agreement in the parties Guaranty and Collateral Agreement, dated December 20, 2007. Additionally, Plaintiff argues that the jury demand should be stricken as to all Defendants on Counts II and III of the First Amended Complaint as these counts solely seek equitable relief.

## ANALYSIS

Federal Rule of Civil Procedure 39(a)(2) addresses the demand for a jury trial and provides that:

> (a) **When a Demand Is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a)(2). The right to a jury trial in federal court is determined as a matter of federal law in diversity as well as other actions. *Simler v. Connor*, 372 U.S. 221, 222 (1963). Nonetheless, state law governs the validity of a contractual bench trial agreement in a case under the Court's diversity jurisdiction. *IFC Credit Corp. v. United Business & Indus. Fed. Credit Union,* 512 F.3d 989, 991 (7th Cir. 2008).

The Seventh Amendment provides a right to jury trial in any civil suit in which the amount in controversy exceeds twenty dollars. U.S. CONST., Amend. VII. However, a party may contract

to waive its right to a jury trial without having to show extra negotiation or evidence of voluntariness beyond what is required to make the rest of the contract legally effective. *IFC Credit Corp*. 512 F.3d at 993. Under Indiana law, a "very strong presumption [exists] of enforceability of contracts that represent the freely bargained agreement of the parties." *Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 420 (Ind. Ct. App. 2004). Further, under Indiana law, "express or implied agreements tending to impede the regular administration of justice are void as against public policy regardless of the motives of the parties." *1st Source Bank v. Ryan Contracting Co.*, No. 3:07-CV-589 RM, 2008 WL 2002228, at 1 (N.D. Ind. May 5, 2008). "Indiana courts have, however, upheld numerous contractual provisions that, in one way or another, limit the legal avenues available to a party when such provisions are freely negotiated and not unjust or unreasonable." *Id.* (citing, e.g. *Adsit Co., Inc. v. Gustin*, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007) (discussing the enforceability of forum selection clauses in form contracts); *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002) (providing that "Indiana choice of law doctrine favors contractual stipulations as to governing law"); *Homes by Pate, Inc. v. DeHaan*, 713 N.E.2d 303, 306 (Ind. Ct. App. 1999) (providing that "Indiana recognizes a strong policy favoring enforcement of arbitration agreements")).

Here, Defendants have failed to file a response brief. Nonetheless, the Court has reviewed the record and finds no indication that Defendants Rehab Lending, Kerusso Konstruction Kompany, or Kerusso Real Estate, are unsophisticated parties or that they did not have the opportunity to read the Guaranty and Collateral Agreement. In the Guaranty and Collateral Agreement, the "Waiver of Jury Trial" paragraph is written in the same font size as the rest of the contract and is explicitly written in all caps, thus drawing more attention to it. Further, mutuality of obligation exists as the

3

waiver paragraph applies to all of the signatories to the Agreement and there is no indication from the record that the overall Agreement is unenforceable or non-mutual. Also, the instant suit involves obligations under the Agreement and falls within the scope of the "Waiver of Jury Trial" paragraph. Accordingly, "[s]ince the agreement to resolve a dispute in a bench trial is no less valid than the rest of the contract in which the agreement appears . . . the waiver of jury trial clause" is valid and enforceable. *1st Source Bank*, 2008 WL 2002228 at *2. Therefore, the Court strikes the jury demand of Defendants Rehab Lending Tree, LLC, Kerusso Konstruction Kompany, LLC, and Kerusso Real Estate, LLC.

Next, Plaintiff argues that the jury trial demand should be stricken as to all Defendants as to Counts II and III of the First Amended Complaint as these two Counts request equitable relief. The right to a jury trial embraces all suits in which legal rights are adjudicated, as opposed to actions where equitable rights alone are at issue and equitable remedies are sought. *Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *7 (S.D. Ill. April 18, 2007). To determine if a particular action will resolve legal rights and give rise to a right to a jury trial, the Court must determine whether the claims are legal or equitable in nature. *Id.* "Specifically, a court must: (1) compare the statutory action in question to analogous 18th-century actions brought prior to the merger of the courts of law and equity; and (2) examine the remedy sought, and determine whether the claim and the remedy are legal or equitable in nature." *Id.* However, the second inquiry is the more important inquiry in the analysis. *Id.* Even if a claim has historically been equitable in nature, the actual remedy that is sought on the claim will determine whether it is legal or equitable for purposes of the right to a jury trial. *In re Automobile Professionals, Inc.*, 389 B.R. 621, 626 (Bankr. N.D. Ill. 2008).

4

Here, Count III of the Complaint requests an appointment of receiver for the collateral pursuant to Ind. Code § 32-30-5-1 *et seq*. Under Indiana law, "the appointment of a receiver . . . [is] an extraordinary equitable remedy." *Miller v. St. Louis Union Trust Co.*, 178 N.E. 1, 1 (Ind. 1931). "[T]his remedy will be withheld until it is made to appear that the applicant therefor is without a legal remedy 'as complete, efficient and effective as that in equity.'" *Id.* (quoting High, Receivers (4th Ed.) § 10). Accordingly, Count III requests a remedy that is equitable in nature and Defendants have no right to a jury trial on this claim.

Count II of the First Amended Complaint is labelled "Replevin and Foreclosure of Security Interest." Plaintiff argues in the instant Motion that this Count primarily deals with foreclosure of chattel mortgage, which is equitable in nature. However, upon this Court's review of the Complaint, the Court concludes that Count II primarily deals with a replevin action.[2] Under Indiana law, replevin has long been considered to be an action at law. *Whittington v. Indianapolis Motor Speedway Foundation, Inc.*, No. 1:06-cv-333-JDT-TAB, 2007 WL 2701983, at *9 (S.D. Ind. Sept. 12, 2007). In fact, "[r]eplevin is strictly an action at law." *Thompson v. Peck*, 18 N.E. 16, 19 (Ind. 1888). Accordingly, because an action for replevin is an action at law, and not in equity, the right to a jury trial applies. Therefore, the Court declines to strike the jury demand as to this Count.

---

[2] In particular, Count II requests possession of the collateral identified in the Guaranty and Collateral Agreement, argues that the Defendants have refused to surrender, and are unlawfully detaining, the collateral. Plaintiff then primarily requests relief in the form of a replevin judgment and immediate possession of the collateral, citing Indiana statutory provisions dealing with replevin. *See* Ind. Code §§ 32-35-2-5, 32-35-2-9, 32-35-2-13.

## CONCLUSION

Having reviewed the instant Motion, the Court hereby **GRANTS in part and DENIES in part** the Plaintiff's Motion to Strike Defendants' Jury Demand [DE 13]. The Court **GRANTS** the instant Motion to the extent that it requests that the Court strike the jury demand of Defendants Rehab Lending Tree, LLC, Kerusso Konstruction Kompany, LLC, and Kerusso Real Estate, LLC and hereby **STRIKES** the jury demand as to these Defendants. The Court further **GRANTS** the instant Motion and **STRIKES** the jury demand as to all Defendants with regard to Count III of the First Amended Complaint. However, as to the non-Kerusso Entity Defendants, the Court **DENIES** the instant Motion as to the jury demand on Count II of the First Amended Complaint.

SO ORDERED this 4th day of June, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record