UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ARTHUR D. PRINGLE III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:09-CV-022RM |
| | ) | |
| MARISA GARCIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS SERGIO GARCIA II, ELVA GARCIA, TOMASA GARCIA, HECTOR RODRIGUEZ, JOSE BARAJAS, GRACIELA BARAJAS, STEEMMM REAL ESTATE LLC, ALPHA & OMEGA REAL ESTATE LLC, REO OUTLET LLC, JESSE'S CONSTRUCTION LLC, AND IHB REAL ESTATE LLC**

Defendants, Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC, (hereinafter collectively "the Garcia II Defendants"), by their attorneys Anne M. Coatsolonia and David M. Blaskovich of Woodward, Buls, Blaskovich & King, LLP, move pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the plaintiff's Second Amended Complaint because it fails to state a claim upon which relief can be granted as to these defendants.  In support of this motion, defendants state as follows:

**Factual Background**

On May 13, 2011, Arthur D. Pringle III, ("Pringle"), filed his Second Amended Complaint in this cause of action, adding a veritable plethora of defendants to his original suit against Marisa Garcia, Sergio E. Garcia, Kerusso Konstruction Kompany LLC, Kerusso Real Estate LLC, Rehab Lending Tree, LLC, and Kerusso Asset Management LLC.  (See DE 60.)

The caption of the Second Amended Complaint is immediately followed by a "Cuationary [sic] Note" which explains that Pringle is seeking to pursue his claims against those defendants, Marisa Garcia, Sergio E. Garcia, Kerusso Konstruction Kompany LLC and Kerusso Real Estate LLC, that are not in bankruptcy and under an automatic stay.  Counts IV and V include the Garcia II Defendants filing this Motion to Dismiss:  Count IV of the Second Amended Complaint is a Civil RICO claim under 18 U.S.C. § 1961 et seq.; Count V is a claim under Indiana's Fraudulent Transfers Act, Indiana Code §§ 32-18-2-14 and 32-18-2-15.

Although the Second Amended Complaint is lengthy, the bulk of its factual allegations concern the defendants that remain under the automatic bankruptcy stay.  In contrast, the individual defendants represented here are introduced as "relatives and related entities" and some are individually identified in Paragraph 65 of the Second Amended Complaint, but each are present in a mere smattering of the allegations pleaded as follows:

- Sergio Garcia II is introduced as the son of Sergio and Marisa Garcia in Paragraph 65(e), then identified in Paragraph 122 as the son of Sergio who is "involved in assisting Alpha and Steemmm transferring properties."  Paragraph 123 mentions that Sergio Garcia II was "during all relevant time periods either [a] student[] or recent graduate[].  There are no other factual allegations made by Pringle in his Second Amended Complaint regarding Sergio Garcia II's knowledge or actions.

- Elva Garcia is introduced as the daughter of Sergio and Marisa Garcia in Paragraph 65(d), then identified in Paragraph 118 as a principal of Alpha & Omega Real Estate LLC, identified in Paragraph 119 as a principal of Steemmm Real Estate LLC, identified in Paragraph 121 as a principal of IHB Real Estate LLC, then, like Sergio II, Elva is described in Paragraph 123 as a student or recent

graduate during all relevant times. There are no other factual allegations in Pringle's Second Amended Complaint regarding Elva's knowledge or actions.

- Tomasa Garcia is introduced as the daughter of Sergio and Marisa Garcia in Paragraph 65(f). There are no other factual allegations in the Second Amended Complaint regarding Tomasa's knowledge or actions.

- Hector Rodriguez is introduced as the husband of Marisa Garcia's mother in Paragraph 65(c) "who was involved with Peterson's transaction at 930 Mohawk and acted as a straw person on other real estate transactions involving Sergio and his related entities." Hector Rodriguez is mentioned in Paragraph 53(n) of the Second Amended Complaint where he is merely identified as the alleged grantee of a second deed conveying 930 Mohawk. There are no other factual allegations in Pringle's Second Amended Complaint regarding Hector Rodriguez's knowledge or actions.

- Jose Barajas is not named in the Second Amended Complaint until Paragraph 134, which summarizes the alleged racketeering activity by referring back to the factual allegations in Paragraphs 68 through 128. Although Jose Barajas is named in Paragraph 134(a), (b), (c), (d), and (e) of knowingly and fraudulently committing acts which constitute racketeering, there is no mention of Jose Barajas in Paragraphs 68 through 128. The Second Amended Complaint simply fails to assert any facts regarding Jose Barajas, yet includes him in the summary paragraphs charging racketeering activity.

- Graciela Barajas is not named in the Second Amended Complaint until Paragraph 134, which summarizes the alleged racketeering activity by referring back to the

factual allegations in Paragraphs 68 through 128. Although Graciela Barajas is named in Paragraph 134(a), (b), (c), (d), and (e) of knowingly and fraudulently committing acts which constitute racketeering there is no mention of Graciela Barajas in Paragraphs 68 through 128. The Second Amended Complaint simply fails to assert any specific facts about Graciela Barajas, yet includes her in the summary paragraph charging racketeering activity.

- Steemmm Real Estate LLC is only named in Paragraphs 119 and 123 as a company which existed prior to the bankruptcies which is put forth as an example of receiving transfers of property. However, no specific transfers to or from Steemmm Real Estate LLC are described in the Second Amended Complaint.

- Alpha & Omega Real Estate LLC is named in Paragraphs 118 and 123 as a company which existed prior to the bankruptcies which is an example of receiving transfers of property. However, no specific transfers to or from Alpha & Omega Real Estate LLC are described in the Second Amended Complaint.

- REO Outlet LLC is discussed in Paragraph 78(c) as "refus[ing] to return" an earnest money deposit, and the Garcia's lack of documentation regarding that deposit "leads one to believe that REO Outlet is nothing more than" an alter ego company of the Garcias. REO Outlet LLC is discussed in Paragraphs 81 through 84, but none of these paragraphs allege any knowledge or activities of REO Outlet LLC.

- Jesse's Construction LLC is mentioned in Paragraphs 86 through 88, which describe Sergio and Marisa Garcia's claim that rents received were close to the amount of repair expenses made to Jesse's Construction in contrast to tenants'

testimony regarding the repairs completed.[1]  However, the Second Amended Complaint makes no factual allegations regarding the knowledge or activities of Jesse's Construction LLC.

- IHB Real Estate LLC is named in Paragraphs 121 and 123 as a new company which arose after the bankruptcies which is an example of receiving transfers of property.  However, no specific transfers to or from IHB Real Estate LLC are described in the Second Amended Complaint.

In addition, the Second Amended Complaint is accompanied by thirty-nine (39) exhibits, labeled Exhibits A through MM.  Exhibits A through P were included in the earlier version of the complaint, and all of these exhibits are carefully incorporated into the pleadings.  However, Exhibits Q through MM lack any incorporation language.  One exhibit in particular, Exhibit MM, is the subject of the Garcia II Defendants' Motion to Strike Under Rule 12(f) and 10(c) filed contemporaneously with this Motion to Dismiss, asking the Court to refrain from considering the exhibit.

Defendants Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC each individually assert that the Second Amended Complaint lacks sufficiently pleaded facts to maintain a RICO claim or the pendant state law claim for fraudulent transfer.

### Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  ***Ashcroft v. Iqbal***, - - -

---

[1] Paragraph 88 refers to "Group Exhibit B" which is not provided and cannot be incorporated into the Second Amended Complaint.

U.S. - - -, - - -, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). **Iqbal**, 129 S. Ct. at 1949. "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." **Killingsworth v. HSBC Bank Nevada, N.A.**, 507 Fl.3d 614, 619 (7th Cir. 2007) (citing *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007))(internal quotations omitted).

A party moving to dismiss bears a weighty burden, for "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." **Twombly**, 550 U.S. at 563 (citing **Sanjuan v. American Bde. Of Psychiatry and Neurology, Inc.**, 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). The court addressing a Rule 12(b)(6) motion treats all well-pleaded factual allegations as true and construes all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. **Lee v. City of Chicago**, 330 F.3d 456, 459 (7th Cir. 2003); **Szumny v. Am. Gen. Fin.**, 246 F.3d 1065, 1067 (7th Cir. 2001).

<u>Argument</u>

I.   RICO claim

To state a valid RICO claim, a plaintiff must prove four elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. **Gamboa v. Velez**, 457 F.3d 703, 705 (7th Cir. 2006). "Racketeering activity" as alleged in this matter means "any act which is

indictable under any of the following provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title [18 U.S.C. § 157]) . . . ."  18 U.S.C. § 1961(1)(B) & (D).  A "pattern of racketeering activity" requires at least two predicate acts within a ten-year period.  18 U.S.C. § 1961(5).  Establishing a pattern also requires a showing that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."  **H.J. Inc. v. Northwestern Bell Tel. Co.**, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L.Ed.2d 195 (1989).

Dismissal of a RICO claim is appropriate if the plaintiff fails to allege sufficient facts to state a claim that is plausible on its face, but the adequate number of facts varies depending on the complexity of the case.  **Limestone Dev. Corp. v. Vill. Of Lemont, IL**, 520 F.3d 797, 803 (7th Cir. 2008) (quoting **Twombley**, 550 U.S. 544).  "Allegations of fraud in a civil RICO claim are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead all allegations of fraud with particularity."  **Kaye v. D'Amato**, 357 Fed. Appx. 706, 710 (7th Cir. 2009).  This requires specifying the time, place, and content of the alleged fraudulent communication.  *Id.*; *see also* **Jepson, Inc. v. Makita Corp.**, 34 F.3d 1321, 1328 (7th Cir. 1994) (stating that "loose references to mailings and telephone calls in furtherance of a purported scheme to defraud will not do" and "[i]nstead, the plaintiff must, within reason, describe the time, place, and content of the mail and wire communications, and it must identify the parties to these communications")(internal quotations omitted); **Midwest Grinding Co., Inc. v. Spitz**, 976 F.2d 1016, 1020 (7th Cir. 1992) ("[T]he complaint must, at minimum, describe the predicate acts with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud.").

Even prior to ***Twombly*** and ***Iqbal***, the requirement for RICO claims to be pleaded with particularity applies to allegations of mail and wire fraud as alleged here:

> [A]t the least, a plaintiff pleading fraud must "specify the time, place and contents of any alleged false representations, and the full nature of the transaction." . . . This should include the identity of the person making the misrepresentations, and how the misrepresentations were communicated to the plaintiff. . . . The identity of those making the misrepresentations is crucial. Courts have been quick to reject pleadings in which multiple defendants are "lumped together" and in which no defendant can determine from the complaint which of the alleged misrepresentations it is specifically charged with having made, nor the identity of the individual by whom and to who the statements were given, nor the situs and circumstances of the conversation, nor . . . the date of the utterance.

***McKee v. Pope Ballard Shepard & Fowle, Ltd.***, 604 F. Supp. 927, 930-31 (N.D. Ill 1985) (internal citations omitted). *See, e.g.,* ***Oberoi v. Mehta***, 2011 WL 1337107, *3 (N.D. Ill., April 6, 2011)(discussing plaintiff's contention that specific defendants made false representations over the phone or mailed falsified loan applications, yet finding that the allegations do not amount to a RICO violation.)

As to the first element of a RICO claim in particular, conduct, Pringle has failed to plead with specificity the fraudulent conduct of the defendants here.[2] *See, e.g.,* ***U.S. ex rel Main v. Oakland City University***, 426 F.3d 914, 917 (7th Cir. 2005) ("[F]ailure to honor one's promise is just breach of contract, but making a promise that one *intends* not to keep is fraud")(emphasis in original). *See also* ***Kaye***, 357 Fed. Appx. at 714 (finding that the plaintiff failed to allege facts including who, what, when, where, and how, for each of his allegations). The Second Amended Complaint is simply void of specific factual allegations as outline in the Factual Background *supra* regarding the newly added Garcia II Defendants. Therefore, Pringle failed to describe the

---

[2] The defendants also aver that the plaintiff has failed to adequately plead all elements required for a RICO claim, but do not elaborate on those deficiencies at this time because the failure to plead the particular conduct of the Garcia II Defendants is enough to dismiss this Second Amended Complaint as to these defendants.

time, place, and content of the mail and wire communications, and did not identify the parties to these communications as required.

Rather than plead the alleged fraudulent conduct or any pattern of racketeering activity with particularity, Pringle merely alleges in his Second Amended Complaint precisely what the *McKee* court holds a plaintiff cannot do — "lumping together" multiple defendants without identifying which person made which, if any, misrepresentations or communications. Several of the defendants are merely mentioned and identified by relation to Sergio Garcia (the "who"), but have no further facts alleged regarding the what, when, where, and how they participated in any fraudulent activities. With the pleading standards required under *Twombly* and *Iqbal,* in addition to the heightened pleading requirements of particularity for claims of fraud, the sweeping, non-specific allegations such as in this Second Amended Complaint do not satisfy that which is required to withstand a motion to dismiss and are like those regularly dismissed by district courts or the dismissals upheld by the Seventh Circuit. *See, e.g.,* **Crichton v. Golden Rule Ins. Co.**, 576 F.3d 392, 399-400 (7th Cir. 2009) (affirming dismissal of RICO claim where plaintiff failed to adequately plead both directing or conducting the enterprise and association-in-fact); **Kaye**, 357 Fed. Appx. at 714-15 (affirming dismissal for failure to adequately plead fraud claim); **Bachewicz v. Preferred Development**, 2011 WL 2560218, *6 (N.D. Ill. June 28, 2011) (dismissing RICO claim for failure to plead with particularity); **Perfect Flowers v. Teleflora LLC**, 2011 WL 2462224, *4 (S.D. Ind. June 17, 2011) (dismissing RICO claim for failure to properly plead the underlying predicate act under Rule 9(b) as well as failing to plead with specificity that defendant engaged in conduct continuously or that there was a threat of future conduct); **Oberoi**, 2011 WL 1337107 at *4 (granting defendants' motion to dismiss for failure to demonstrate an enterprise through proof of an ongoing association and failure to demonstrate

defendants shared in the profits of the alleged enterprise). Thus, Pringle's RICO claim should be dismissed as to the Garcia II Defendants.

    II.    Indiana Fraudulent Transfer Act

The two sections of the Indiana Uniform Fraudulent Transfer Act (the "Act") Pringle alleges in Count V that all defendants violated, state, in part:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>     (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
>     (B) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

Ind.Code § 32-18-2-14. The next Section provides:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:
>
> (1)    the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and
>
> (2)    the debtor:
>
>     (A)    was insolvent at that time; or
>
>     (B)    became insolvent as a result of the transfer or obligation.

Ind. Code § 32-18-2-15.

To determine the sufficiency of Pringle's factual allegations under the Indiana Fraudulent Transfers Act regarding Count V, the Court must again apply the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a fraud plaintiff to plead in detail the "identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." ***Richter v. Corp. Fin. Assocs., LLC***, 2007 WL 1164649, at *1 (S.D.Ind. Apr.19, 2007) (citing ***Hefferman v. Bass***, 467 F.3d 596, 601 (7th Cir.2006)). *See also **Shi v. Yi***, 921 N.E.2d 31, 37 (Ind. Ct. App. 2010) (discussing specificity requirement under Indiana Trial Rule 9(B) for claim under Indiana's Fraudulent Transfer Act and affirming dismissal for lack of specific pleading).

The Indiana Court of Appeals opinion in ***Shi v. Yi*** discusses two key applicable points: *who* is liable under the Indiana Uniform Fraudulent Transfer Act ("IUFTA"), and the legal sufficiency required for pleading a cause of action under IUFTA. ***Shi*** explains that the IUFTA "represents the most recent version of Indiana statutes dating back to the nineteenth century which were passed to protect creditors' claims from attempts by debtors to escape payment on those claims by rendering oneself insolvent." *Id.* at 35. The Court of Appeals instructs:

"[U]nder the IUFTA, a 'debtor' is one 'who is liable on the claim.' Ind. Code § 32-18-2-6. . . . Thus, a creditor may bring a cause of action under Ind. Code § 32-18-2-15[3] only against a party who is liable on the underlying right to payment." *Id.* at 36. The appellate opinion explains that, as to one of the alleged defendants, the plaintiff did not demonstrate that the defendant may be considered a "debtor" for IUFTA purposes, and, consequently, that defendant "is an improper party for a suit under IUFTA." *Id.* at 37. In addition to the debtor as defendant, ***Shi*** explores the

---

[3] The use of the term "debtor" as the targeted defendant under the IUFTA is identical in both § 32-18-2-15 and § 32-18-2-14, indicating that only the debtor can be liable under both sections of the Act.

11

"fraudulent grantee doctrine", whereby "a grantee of property conveyed by a debtor to defraud creditors is liable for the value of the property conveyed to him if he actively participates in the fraud, and subsequently disposes of the property." *Id.* at 38 (citing and quoting ***Doherty v. Holiday***, 137 Ind. 282, 286, 32 N.E. 315, 317 (Ind. 1892)). However, the court concluded that the ***Shi*** plaintiff failed to adequately plead that the non-debtor defendants made any misrepresentation or that the plaintiff relied upon any misrepresentations, affirming dismissal of the IUFTA count. *Id.* at 38-39.

Likewise, here, Pringle has included as defendants under Count V of his Second Amended Complaint all of the Garcia II Defendants. However, clearly the IUFTA by its language may allow allegations against only the debtor or allegations of specific fraudulent acts against anyone accused of being a fraudulent grantee. Pringle has failed to do this. First, as to the bulk of defendants included in the claims of Count V, there are simply no facts alleged that specifically mention fraudulent transfers, misrepresentations, or any reliance upon such misrepresentation. Although Pringle has alleged that one of the Garcia II Defendants, Hector Rodriguez, was the grantee of a fraudulent deed transfer, like in ***Shi***, Pringle has failed to make any of the required allegations regarding Rodriguez's specific misrepresentations, active participation in any property conveyance, or whether there was any reliance by Pringle upon the same.

Like the RICO claim, Pringle's claim under the Indiana Uniform Fraudulent Transfers Act fails to allege with particularity the facts as to the Garcia II defendants' individual participation in any fraudulent transfers. Count V is not pleaded with the specificity required to merit moving forward against any of the Garcia II Defendants.

**Conclusion**

Because the plaintiff has failed to sufficiently plead plausible claims and has failed to allege with particularity as required by Rule 9(b), the Second Amended Complaint should be dismissed as to the defendants herein.

WHEREFORE, defendants, Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC, request an order dismissing the plaintiff's Second Amended Complaint, Counts IV and V, for failing to state a claim as to these defendants, and for all other relief deemed appropriate under the circumstances.

Respectfully submitted,
WOODWARD, BULS, BLASKOVICH & KING, LLP

By:   /s/ Anne M. Coatsolonia
Anne M. Coatsolonia, Attorney No. 27719-64
David M. Blaskovich, Attorney No. 19757-45
9223 Broadway, Suite A
Merrillville, IN 46410
(219) 736-9990
Fax: (219) 736-9991

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that the undersigned did, this day, electronically file the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Gordon E. Gouveia

gm6020@aol.com

Greg A. Bouwer

GBouwer@kblegal.net

John Edward Hughes

jhughes@hwelaw.com

Dated this 18th day of July, 2011.

/s/ Anne M. Coatsolonia

Anne M. Coatsolonia