IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.:   2:09-CV-022RM |
| | ) |
| MARISA GARCIA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE UNDER RULES 12(f) AND 10(c)**

The Defendants,  Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC, (hereinafter collectively "the Garcia II Defendants"), by their attorneys Anne M. Coatsolonia and David M. Blaskovich of Woodward, Buls, Blaskovich & King, LLP, submit the following Memorandum in Support of their Motion to Strike Under Rule 12(f) and 10(c):

**Relevant Facts**

On May 13, 2011, Arthur D. Pringle III, ("Pringle"), filed his Second Amended Complaint in this cause of action, adding a veritable plethora of defendants to his original suit against Marisa Garcia, Sergio E. Garcia, Kerusso Konstruction Kompany LLC, Kerusso Real Estate LLC, Rehab Lending Tree, LLC, and Kerusso Asset Management LLC.  (See DE 60.) The caption of the Second Amended Complaint is immediately followed by a "Cuationary [sic] Note" which explains that Pringle is seeking to pursue his claims against those defendants, Marisa Garcia, Sergio E. Garcia, Kerusso Konstruction Kompany LLC and Kerusso Real Estate

LLC, that are not in bankruptcy and under an automatic stay. Counts IV and V include the Garcia II Defendants filing this Motion to Strike: Count IV of the Second Amended Complaint is a Civil RICO claim under 18 U.S.C. § 1961 et seq.; Count V is a claim under Indiana's Fraudulent Transfers Act, Indiana Code §§ 32-18-2-14, 32-18-2-15.

The Second Amended Complaint is accompanied by thirty-nine (39) exhibits. Exhibits A through P were included in the earlier version of the complaint, and all of these exhibits are carefully incorporated into the pleadings. However, Exhibits Q through MM lack any incorporation language. One exhibit in particular, Exhibit MM, is the subject of this Motion to Strike. Exhibit MM is identified in Paragraphs 124 through 128 of the Second Amended Complaint. Exhibit MM is described as "[a]n itemized table of properties with the dates of transfer, the address of the property transferred, the grantor and the grantee, and dates of transfers at issue in this count of the complaint[.]" (See Second Amended Compl., ¶ 124.) These paragraphs include no incorporation language. There is no explanation of the source of Exhibit MM. Exhibit MM includes two properties that list Cindy Lyon as a Grantee, and several properties listing Alpha & Omega Real Estate, LLC, as a Grantee. No specifics acts by Lyon and Alpha & Omega are described. None of the other Garcia II Defendants are mentioned in the Exhibit.

**Argument**

Federal Rule of Civil Procedure 12(f) states:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Motions to strike are generally disfavored, although may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); Doe v. Brimfield Grade School, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992).

> Federal Rule of Civil Procedure 10(c), regarding Form of Pleadings, instructs:
>
> (c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

The Seventh Circuit has interpreted the term "written instrument" as used in Rule 10(c) to include documents such as contracts and loan documentation. **N. Ind. Gun & Outdoor Show, Inc. v. City of S. Bend**, 163 F.3d 449, 453 (7th Cir. 1998). Such documents attached as exhibits may be considered as part of the pleadings if they fall within the narrow exception of being "referred to in the plaintiff's complaint and are central to her claim." **Venture Assoc. Corp. v. Zenith Data Sys. Corp.** 987 F.2d 429, 431 (7th Cir. 1993). However, documents that fall into this "narrow" exception must be "concededly authentic." **Tierney v. Vahle**, 304 F.3d 734, 738 (7th Cir. 2002). In addition to contracts and loan documents, courts may also take judicial notice of matters of public record, including dockets and opinions. **U.S. v. Wood**, 925 F.2d 1580, 1582 (7th Cir. 1991). However, the Seventh Circuit has also warned against carrying permission to incorporate under Rule 10(c) too far:

> Apparently reading Fed. R. Civ. P. 10(c) as a license to plead their case by exhibit, plaintiffs attached an assortment of letters, newspaper articles, commentaries, cartoons and miscellaneous other exhibits to their complaint, leaving it to the court to extract the relevant facts. To the extent plaintiffs rely on

3

>this haphazard compilation to fill the void left in their complaint, their reliance is misplaced.

*Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).  *Perkins* also gives examples of documents that are not "written instruments" as intended under Rule 10(c), excluding newspaper articles, commentaries and editorial cartoons from consideration.  *Id.* at 467, n.2.  *See also* **Black's Law Dictionary** (9th ed. 2009)  (defining an instrument as "a written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate.").   Although a court may consider under Rule 10(c) materials attached to a complaint as exhibits, a court "is under no obligation to resolve the issues of a complaint through materials outside the pleadings."  *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002).  *See also* *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995) (holding that court would not look beyond the four corners of the complaint to cure defective pleadings).

In the matter at hand, Exhibit MM is an unidentified "table" which appears to be a compilation as described, but which does not reveal authorship.  The table does not fall under the legal definition of an instrument.  This table should be stricken from the pleadings.  *See, e.g.*, *Mart v. Forest River, Inc.*, 2011 WL 924289, *3 (N.D. Ind., March 14, 2011) (refusing to consider an article which was not a "written instrument" as defined by the Seventh Circuit for a motion to dismiss); *Opportunity Knocks, Inc. v. Maxwell*, 618 F. Supp. 2d 920, 925 (N.D. Ind. 2009) (striking an exhibit that was not part of the pleadings and not considered in ruling on a motion to dismiss).

---

For the foregoing reasons, the Garcia II Defendants request that the court strike under Federal Rule of Civil Procedure 12(f) the identified Exhibit MM submitted by the Plaintiff,

Pringle, which violates Federal Rule of Civil Procedure 10(c),

                                      Respectfully submitted,
                                      WOODWARD, BULS, BLASKOVICH & KING, LLP

                               By:    /s/ Anne M. Coatsolonia
                                      Anne M. Coatsolonia, Attorney No. 27719-64
                                      David M. Blaskovich, Attorney No. 19757-45
                                      9223 Broadway, Suite A
                                      Merrillville, IN 46410
                                      (219) 736-9990
                                      Fax: (219) 736-9991

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that the undersigned did, this day, electronically file the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Gordon E. Gouveia
    gm6020@aol.com

    Greg A. Bouwer
    GBouwer@kblegal.net

    John Edward Hughes
    jhughes@hwelaw.com

Dated this 18th day of July, 2011.

                                        /s/ Anne M. Coatsolonia
                                        Anne M. Coatsolonia