UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 2:09-CV-022RM |
| ) | |
| MARISA GARCIA; et al. ) | |

### PRINGLE'S RESPONSE TO MOTION TO STRIKE

Plaintiff, Arthur D. Pringle III, ("Pringle"), by counsel, files this Response to Defendants' Motion to Srike, and in support of same states the following:

### Facts

Pringle's Second Amended Complaint alleges numerous facts to support his claims of Civil RICO and fraudulent transfers against the Defendants. Plaintiff's Second Amended Complaint includes Exhibit MM, which Defendants now seek to strike as an exhibit, because Defendants claim the Second Amended Complaint does not contain any words incorporating Exhibit MM into the body of the Complaint. Exhibit MM first appears in Paragraph 124 of the Second Amended Complaint. Paragraph 124 of the Second Amended Complaint states,

> 124. An itemized table of properties with the dates of transfer, the address of the property transferred, the grantor and the grantee, and dates of transfers at issue in this count of the complaint are attached hereto as Exhibit MM.

Exhibit MM is then attached to the Second Amended Complaint and provides the information outlined in Paragraph 124. Exhibit MM is 19 pages long, and lists 88 properties, with anywhere from one to six transfers identified for each property. For each transfer identified, Exhibit MM provides the name of the grantor, the name of the grantee, the type of document used for such

1

transfer, the date of the document and the document's recording date. Rather than clogging up the body of the Second Amended complaint with such a voluminous compilation of relevant facts obtained from numerous property maintenance reports retrieved from the Lake County Auditor's Office, Pringle outlined the relevant facts in an easy to read chart attached as an exhibit to Pringle's Second Amended Complaint. Due to the volume of Property Maintenance Reports, Exhibit MM allows Pringle to include the critical facts in a concise manner within the Second Amended Complaint and without having to add more voluminous attachments to the Second Amended Complaint.

Pringle's Second Amended Complaint further outlines how Defendants' fraudulent transfers set forth in Exhibit MM were part of a conspiracy to conceal and transfer assets away from Sergio Garcia, Kerusso Real Estate, LLC and Kerusso Konstruction Kompany, LLC and into the hands of other named Defendants to prevent Pringle and other creditors from recovering any funds. Defendants also committed mail fraud by having the specific documents referenced in Exhibit MM mailed out by the Lake County Recorder on or about the dates set forth in Exhibit MM. Likewise, the Lake County Treasurer would then mail out tax bills to the Defendants based on the transfers set forth therein. See Paragraphs 134 through 148 of the Complaint, which tie in the transfers in Exhibit MM into the RICO and fraudulent transfer claims of Pringle. Defendants now move to strike Exhibit MM, under Fed. R. Civ. Pro. 12(f) on grounds that Exhibit MM fails to comport with Fed. R. Civ. Pro. 10(c), but because Defendants fail to provide a legal basis for striking Exhibit MM, Defendant's motion must fail.

## Analysis

Defendants argue that Exhibit MM should be stricken under Fed. R. Civ. P. 12(f).

Fed. R. Civ. P. 12(f) provides,

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading. Id.

In their motion to strike, Defendants do not identify Exhibit MM as insufficient, redundant, immaterial, impertinent or scandalous. Defendants only allege that Exhibit MM was not incorporated by the text of the Second Amended Complaint and is not a written instrument. Defendants then conclude that Exhibit MM should be stricken, based on the applicable case law governing written instruments under Fed. R. Civ. Pro. 10(c). However, Exhibit MM is not a written instrument; Exhibit MM is an organized compilation of facts provided for the convenience of the Court and the Parties.

In the brief supporting Defendants' motion to strike, Defendants cite to cases, wherein plaintiffs attached a number of written instruments as exhibits and then without adequately explaining same in their complaint, the plaintiffs expected the court to extract the relevant facts needed to be pled by plaintiffs. See U.S. v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991). Fed. R. Civ. Pro. 10(c) is inapplicable to Exhibit MM, because unlike the exhibits referred to in the cases cited by Defendants, Exhibit MM is not a written instrument in the context of Fed. R. Civ. Pro. 10(c). Fed. R. Civ. Pro. 10(c) applies to written instruments, such as a promissory note or other written contract, not compilations of data or facts, such as Exhibit MM. Also, unlike the cases cited by Defendants, Pringle's Second Amended Complaint did not attach Exhibit MM to the complaint and then require the Court and the parties to extrapolate the relevant facts needed to support Pringle's complaint. On the contrary, Exhibit MM provides the specific facts required to be pled by Pringle in an organized and concise manner, and rather than clogging up the text of the Second Amended Complaint, Exhibit MM was attached so that the voluminous facts contained therein could be presented in such an orderly and concise manner. Defendants fail to

3

cite to any case wherein a compilation of data has been stricken pursuant to Fed. R. Civ. Pro. 10(c) or 12(f); therefore, Defendants' motion to strike should fail.[1]

## Conclusion

Exhibit MM is a part of Pringle's complaint that is put into context by the other 148 paragraphs and 38 exhibits in Pringle's Second Amended Complaint. The information provided in Exhibit MM was set forth in a detailed and concise manner for the convenience of the Court and the parties, and Defendants cite to no law that provides a legal basis to strike such a compilation of data.

WHEREFORE, for the above reasons, Pringle, by counsel, respectfully requests that this Court deny Defendants' motion to strike and for all other just and appropriate relief.

> Respectfully submitted,
> KORANSKY, BOUWER & PORACKY, P.C.
>
> BY:  /s/ James M. Yannakopoulos
> JAMES M. YANNAKOPOULOS (#25164-45)
> 425 Joliet Street, Suite 425
> Dyer, Indiana 46311
> (219) 865-6700

---

[1] Exhibit provides the "who, what, where and when" data needed to overcome the heightened pleading standards when pleading fraud under Fed. R. Civ. P. 9. In their motion to dismiss filed simultaneously with their motion to strike, Defendants allege that Pringle fails to provide specific facts required to plead Civil RICO and fraudulent transfer claims. Many of the specific facts relating to Pringle's Civil RICO and fraudulent transfer claims are set forth in Exhibit MM.

4

**CERTIFICATE OF SERVICE**

I certify that on the 29th day August, 2011 service of a true and correct copy of the above and foregoing pleading was made upon each party or attorney of record either via email notification or depositing in envelopes properly addressed to each of them and with sufficient first class postage affixed.

KORANSKY, BOUWER & PORACKY, P.C.
/s/ James M. Yannakopoulos

5