IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 2:09-CV-022-PPS-PRC |
| | ) |
| MARISA GARCIA; ALPHA & OMEGA REAL | ) |
| ESTATE, LLC; GRACIELA BARAJAS; JOSE | ) |
| BARAJAS; ARTEMIO CARRENO; ALFREDO | ) |
| DEANDA; ELLIE DEANDA; ELVA GARCIA; | ) |
| MANNUEL GARCIA; MIGUEL GARCIA; | ) |
| SERGIO GARCIA, II; SERGIO E. GARCIA; | ) |
| TOMASA GARCIA; IHB REAL ESTATE, LLC; | ) |
| JESSE'S CONSTRUCTION, LLC; KRE, LLC; | ) |
| KERUSSO ASSET MANAGEMENT, LLC; | ) |
| KERUSSO KONSTRUCTION KOMPANY, LLC; | ) |
| KERUSSO REAL ESTATE, LLC; CINDY | ) |
| LYONS; REO OUTLET, LLC; REAL ESTATE | ) |
| EXPRESS, LLC; REHAB LENDING TREE, LLC; | ) |
| RENTAL SOLUTION MANAGEMENT, LLC; | ) |
| HECTOR RODRIGUEZ; STEEMMM REAL | ) |
| ESTATE, LLC and JOE WITTIG, | ) |
| | ) |
| Defendants. | ) |

**REPLY TO MOTION TO DISMISS BY GARCIA II DEFENDANTS**

Defendants, Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC, (hereinafter collectively "the Garcia II Defendants"), by their attorneys David M. Blaskovich and Anne M. Coatsolonia of Woodward, Buls, Blaskovich & King, LLP, move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Second Amended Complaint filed by Arthur D. Pringle III, ("Pringle"), because it fails to state a claim upon which relief can be granted as to these defendants. In Reply to this motion, defendants state as follows:

1

**Facts**

Pringle's Second Amended Complaint in this cause of action added numerous defendants to his original suit against Marisa Garcia, Sergio E. Garcia, Kerusso Konstruction Kompany LLC, Kerusso Real Estate LLC, Rehab Lending Tree, LLC, and Kerusso Asset Management LLC. (See DE 60.) The caption of the Second Amended Complaint is immediately followed by a "Cuationary [sic] Note" which explains that Pringle is seeking to pursue his claims against those defendants, Marisa Garcia, Sergio E. Garcia, Kerusso Konstruction Kompany LLC and Kerusso Real Estate LLC, that are not in bankruptcy and under an automatic stay. Although Pringle utilizes Count IV (the RICO claim) and V (under IUFTA) of the Second Amended Complaint to bring in a large number of Sergio and Marisa Garcia's relatives and business entities with which these relatives are implicated, it fails to properly allege the facts necessary to proceed against all of these lumped together defendants.

Exhibit MM to the Second Amended Complaint is the subject of the Garcia II Defendants' Motion to Strike Under Rule 12(f) and 10(c) filed contemporaneously with the Motion to Dismiss. According to Pringle, Exhibit MM provides critical facts regarding various property transfers from the original targets of Pringle's Complaint, Sergio Garcia, Marisa Garcia, and Kerusso Real Estate, LLC, Kerusso Konstruction Kompany, LLC; and Rehab Lending Tree, LLC (referred to by Pringle as "Sergio's Entities"), to numerous of the other defendants added in the Second Amended Complaint. (See Pringle's Response to Motion to Strike, DE 85, p. 2). These property transfers involved the mailings of documents and tax bills by the Lake County Recorder, which Pringle uses as his jurisdictional hook for mail fraud. However, only one of the Garcia II Defendants is listed in Exhibit MM, Alpha and Omega Real Estate, LLC.

Defendants Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC each individually assert that the Second Amended Complaint lacks sufficiently pleaded facts to maintain a RICO claim or the pendant state law claim for fraudulent transfer.[1]

## Legal Standard for Motion to Dismiss

In his Response brief, Pringle blithely ignores the more stringent pleading standard that is required under *Iqbal* and *Twombly* which require that the facts alleged must state a facially plausible claim. *See* **Ashcroft v. Iqbal**, - - - U.S. - - -, - - -, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'") (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal*, 129 S. Ct. at 1949. This matter is a perfect example of where a defendant is entitled to notice of the factual allegations against him. *See* **Killingsworth v. HSBC Bank Nevada, N.A.**, 507 Fl.3d 614, 619 (7th Cir. 2007) (citing *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007))(internal quotations omitted) ("[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Garcia II Defendants assert that the Second Amended Complaint fails to state plausible claims against each of them and that the

---

[1] There are no substantive mentions of Tomasa Garcia other than to list her in the Introduction's factual background as a defendant added to the cause of action in the Second Amended Complaint. Because Pringle has waived any argument pertaining to the allegations against these this defendant, the Court should grant the motion to dismiss Tomasa Garcia.

3

sketchy allegations that Pringle sets forth cannot satisfy the pleading standard required under the law.

Similarly, the claims against the Garcia II Defendants, which all sound in fraud, must meet the heightened pleading standards of Fed. R. Civ. P. 9(b).  *See, e.g.,* **Oak Street Mortgage, LLC v. Fundz R Us, Inc.**, 2007 WL 1970890, *7 (N.D. Ind., July 2, 2007) (finding that the plaintiff did not allege any misrepresentations or predicate acts by the defendant and dismissing the fraud allegations against that defendant).

## Argument

### I.   RICO claim

To state a valid RICO claim, a plaintiff must prove four elements:  (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity.  **Gamboa v. Velez**, 457 F.3d 703, 705 (7th Cir. 2006).  "Racketeering activity" as alleged in this matter means "any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title [18 U.S.C. § 157]) . . . ."  18 U.S.C. § 1961(1)(B) & (D).  A "pattern of racketeering activity" requires at least two predicate acts within a ten-year period.  18 U.S.C. § 1961(5).  Establishing a pattern also requires a showing that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."  **H.J. Inc. v. Northwestern Bell Tel. Co.**, 492 U.S. 229, 239, 109 S. Ct. 28893, 106 L.Ed.2d 195 (1989).

As the Garcia II Defendants explained in their memorandum, the Second Amended Complaint not only fails to allege conduct attributable to each of the defendants at issue here, but

also fails to establish all of the elements necessary for a RICO claim. (See DE 73, p. 8 n.2). To highlight this failure, although Pringle analyzes his claims under the simplified elements of "(1) a violation of the RICO statute, including proof that the defendant has participated in a pattern of racketeering, and (2) an injury to business and property[,]" he fails to define the more basic elements necessary to support this claim. (See DE 84, p. 5).

First and foremost, Pringle's Second Amended Complaint fails to allege an enterprise. "A RICO complaint must identify the enterprise." *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (citing *Jennings v. Emry*, 910 F.2d 1434, 1439-40 (7th Cir. 1990); *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1136 (7th Cir. 1986), *cert. denied*, 486 U.S. 1026, 108 S. Ct. 2004, 100 L.Ed.2d 235 (1988)). A RICO enterprise is "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings*, 910 F.2d at 1440.

> An enterprise must be more than a group of people who get together to commit a pattern of racketeering activity and more than a group of associated businesses that are operated in concert under the control of one family. The hallmark of an enterprise is a "structure." There must be a structure and goals separate from the predicate acts themselves.

*Richmond*, 52 F.3d at 645. *Cf. Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 2010 WL 1979569, *8 (N.D. Ill., May 17, 2010) (analyzing allegation of enterprise and determining that the allegations against separate defendants sufficiently pleaded their participation in operation or management of the enterprise).

In *Suburban Buick v. Gargo*, 2009 WL 1543709, *5 (N.D. Ill., May 29, 2009), the court examined the complaint in question and noted that the plaintiff failed to identify the enterprise or enterprises in question. Because the complaint failed to clearly identify an enterprise, the court even surmised that an association-in-fact enterprise was intended, but concluded that the plaintiff

had "fallen far short of pleading an association-in-fact enterprise" because of the loose use of the word in the complaint. Here, too, Pringle has failed to clearly identify the enterprise or enterprises alleged. His Second Amended Complaint seems to center on Sergio's Entities, basically the targets of the original Complaint, as the enterprise that is conducting the alleged activities and having the "one common purpose" of fraudulently transferring funds to avoid the bankruptcy proceedings. However, like in *Suburban Buick*, Pringle's pleading fails to clearly identify the enterprise or enterprises with which the Garcia II Defendants are allegedly participating. There is no allegation that the Garcia II Defendants share the common purpose of Sergio's Entities – they do not have the same motivation because they are not involved in the bankruptcy. This alone results in a failure of the Second Amended Complaint to state a claim against these defendants.

Pringle contends that the Garcia II Defendants have "ignored" the facts alleged in his Second Amended Complaint. To the contrary, the memorandum submitted in support of dismissal dissected the pleading in search of actual facts relating to each defendant's alleged conduct. *See, e.g.,* *Suburban Buick*, 2009 WL 1543709 at *5 (dismissing RICO claims) ("The complaint fails to allege specifically which enterprise's affairs each defendant conducted through a pattern of racketeering activity."). It is imperative that a RICO complaint, even where an enterprise is adequately identified, "must also establish that the 'person' associated with the enterprise conducted or participated, 'directly or indirectly, in the conduct of such enterprises's affairs through a pattern of racketeering activity.'" *Richmond*, 52 F.3d at 646. To be liable under § 1962(c), that person "must participate in the operation or management of the enterprise itself" and requires that person having "some part in directing those affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 180-84, 113 S. Ct. 1163, 1170-73, 122 L.Ed.2d 525 (1993). *See also* *Oak*

*Street Mortgage, LLC v. Fundz R Us, Inc.*, 2007 WL 1970890, *3 (N.D. Ind. 2007) (analyzing under *Reves* conduct for motion to dismiss RICO claim and dismissing for failure to clearly state that defendants were integral participants in the conduct of the enterprise).  Pringle's Response has addressed the claims against the Garcia II Defendants under numbered sections which this Reply shall confront in turn:

    1.   REO Outlet

Despite the reference to paragraphs in the Second Amended Complaint, the crux of the allegation regarding REO Outlet LLC's failure to return an earnest money deposit still hinges on the lackadaisical allegation that this "leads one to believe that REO Outlet is nothing more than" an alter ego company of the Garcias.  (See Second Amended Complaint, ¶ 78(c).  This uncertain allegation cannot meet the pleading standards necessary to implicate this defendant in a RICO claim alleging fraud.

    2.   Jose Barajas, Graciela Barajas, and Jesse's Construction

Pringle's response brief explains that "*[e]ither* Jose Barajas, Graciela Barajas and Jesse's Construction knowingly and fraudulently obtained concealed cash collateral rents in a bankruptcy case because the work was never done *or* they supplied false documentation to assist Sergio's Entities in diverting rents in violation of a cash collateral order entered by a Federal Bankruptcy Court."  (See DE 84, p. 8) (emphasis added).  The Garcia II Defendants aver that such alternative, unsure pleading cannot be said to plead fraud with particularity.  First, the plaintiff seems unsure exactly "who" is responsible for the conduct alleged, never explaining whether it was the business, Jose or Graciela that performed the fraudulent act.  Second, the plaintiff fails to precisely state "what" the act was, fully admitting in his Response that he cannot plead with particularity to that matter.

7

3.  Elva Garcia, Sergio Garcia II, Alpha & Omega, Steemmm, and IHB and Mail Fraud

Although the plaintiff argues in his Response that Elva, Sergio II, Alpha & Omega, Steemmm, and IHB "were involved in setting up new companies" and "participating in property transfers to divert assets from Pringle's reach[,]" his Second Amended Complaint refutes that Elva and Sergio II were involved at all. Paragraph 123 of the pleading states that "because Sergio Garcia II and Elva were or are during all relevant time periods either students or recent graduates, it is believed that Sergio is behind these companies, using his children's names as a front for business operations conducted by Sergio." Certainly, the complaint which states this as a fact cannot also assert plausible claims against these two students, especially claims which sound in fraud and require particularity in the pleading. How could these defendants "knowingly and fraudulently" conceal properties as Pringle concludes in Paragraph 134(h)-(o) of his pleading if one of the pleaded facts which the Court must assume to be true here is that their father is behind the operations and conducting the alleged activities?

Similarly, the plaintiff relies on his allegations that these defendants participated in fraudulent transfers of property which are the basis for the mail fraud in Paragraph 134(m)-(o), but only one of these defendants, Alpha & Omega, is specifically listed as a transferee/transferor of property, and that allegation is only listed in Exhibit MM, not in the pleading itself. Even if the Court decides that the table compiled by plaintiff's counsel, attached to the Second Amended Complaint as an exhibit, and admittedly not a written instrument as defined by law can be incorporated into the pleadings and considered in the motion to dismiss, none of the other Garcia II Defendants are implicated in any way by this document.

4.  Hector Rodriquez

The plaintiff's Response brief reiterates just what the Garcia II Defendants have averred: the Second Amended Complaint contains insufficient factual allegations regarding Hector Rodriguez's knowledge or actions, but merely shows that Rodriquez was implicated by Sergio Garcia's actions. As Pringle states, it was Garcia that purchased 920 Mohawk Drive, Garcia that misrepresented that he was an officer of the trust company, and Garcia that conveyed the property to Rodriguez. There are no specific allegations that Rodriguez had knowledge of the preexisting mortgage when he applied for a loan on the property. The "who, what, where and when" facts in the pleading point to Garcia regarding any alleged fraudulent transfer, not to Rodriquez. These disjointed allegations which give partial factual accounts regarding Garcia's actions and partial facts regarding Rodriguez's actions cannot particularize a claim that Rodriguez committed fraud.

5. Knowledge and Intent

The discussion pertinent to this numbered section of the plaintiff's Response brief actually applies to all of the arguments listed above regarding all of the Garcia II Defendants. Pringle contends that simply putting the phrase "knowingly and fraudulently" within the allegations against each of the separate defendants successfully states a claim for fraud. Pringle supports this with the concept with regards to the Indiana Fraudulent Transfers Act that "fraudulent intent can be inferred from certain indicia," the "badges of fraud." (See DE 84, p. 14). However, these "badges" only infer fraudulent intent on the debtor or transferor, as was the result of the case cited by plaintiff, *Greenfield v. Arden Seven Penn Partners, L.P.*, 757 N.E.2d 699 (Ind. Ct. App. 2001), *trans. denied*. There, as the facts of the case clearly demonstrate, the sole defendant was the debtor or transferor – not his brother-in-law to whom he made the transfer. *Id.* at 704. Pringle's frustration with the stayed civil proceedings has simply led to

9

these overbroad claims against parties that are not his debtors. Because they are not debtors and, according to the facts of the Second Amended Complaint, did not make the fraudulent transfers alleged, the intent for the fraud which is being claimed cannot be inferred to any of the Garcia II Defendants.

      6.   *Gagan v. American Cablevision*, 77 F.3d 951, 961 (7th Cir. 1995)

The Garcia II Defendants believe that the plaintiff's reliance on *Gagan* is misplaced. First, because this matter was appealed after trial, the facts available at that stage in the proceeding are wholly distinct from the matter at hand which involves sufficiency of the pleadings. For example, the section quoted by Pringle repeatedly refers to the "agreement" that was implicit in the conspiracy and discusses the defendants' actions on behalf of the conspiracy. The excerpt begins with the statute's proof requirement:

> (1) that the defendants agreed to acquire or maintain an interest in or control of an enterprise or to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity;
>
> (2) that defendants further agreed that someone would commit at least two predicate acts to accomplish those goals.

*Id.* at 961. The paragraph following this excerpt explains that the defendants need not perform the acts themselves, but this conclusion can only be reached where the other elements have already been proven, namely that there was an enterprise and that the defendants acquired or maintained an interest in that enterprise or agreed to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity. The only activity alleged in the Second Amended Complaint points to Sergio Garcia or Sergio's Entities. In his analysis of the *Gagan* case, the plaintiff leapfrogs over the requirements applicable to this stage in the proceeding to show the conduct of an enterprise through a pattern of racketeering activity which includes the Garcia II Defendants.

Secondly, the quoted section of the case is the reverse scenario from what is presented here and is, therefore, inapplicable (if not dispositive in the opposite fashion to what the plaintiff intended). In *Gagan*, the parties referred to in the block quote, Theurer and Tripp, were not the defendants that were found to have agreed with each other to commit the predicate acts. The point of the quote, ("Thus, to establish a conspiracy to violate RICO, it was sufficient that Theurer and Tripp acted on the defendants' behalf; the conspiracy defendants themselves did not have to be the ones to act."), is that although someone working for the enterprise may (even unwittingly) be carrying out the actual conduct rather than the actual conspirator, the conspirator is still the party liable. This is the reverse of what Pringle argues because Pringle is saying that somehow the Garcia II Defendants, which are described throughout the Second Amended Complaint as puppets of Sergio's Entities, are the equivalent to the masterminds behind the fraudulent scheme described in *Gagan*, thus eliminating the need for Pringle to allege conduct by these parties. This makes no sense. What does make sense is the reverse: that any and all implication of the Garcia II Defendants by the conduct pleaded in the Second Amended Complaint is the equivalent to the actions of Theurer and Tripp as underlings of the conspirators in *Gagan*, innocent and unwitting.

## II.     Indiana Fraudulent Transfer Act

Pringle's Response brief staunchly supported the precise legal point of distinction that the Garcia II Defendants set forth in their memorandum in support of Motion to Dismiss: The IUFTA is only actionable against a debtor. *See* **Shi v. Yi**, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010) ("[U]nder the IUFTA, a 'debtor' is one 'who is liable on the claim.'") (citing Ind. Code § 32-18-2-6 and explaining that a creditor may bring a cause of action under Ind. Code § 32-18-2-15 only against a party who is liable on the underlying right to payment). The case cited and block

quoted by the plaintiff repeatedly affirms that only the debtor is liable under the IUFTA, as it is the debtor's fraudulent conveyances that are the target of the law. Indeed, earlier in Pringle's brief he discusses in detail the "badges of fraud" recognized by Indiana courts. (See DE 84, p. 14). It is notable that each of the badges of fraud is aimed at the actions which inferr the intent *of the debtor*. Just as Pringle's quote from **Manning v. Wallace (*In re First Financial Associates*)**, 371 B.R. 877, 899 (N.D. Ind. Bankr. 2007) explains, a creditor may attack the *transfer* made *by a debtor*. There is nothing in that case to support the notion that Pringle can evade the bankruptcy stay delaying his claims against Sergio's Entities and proceed with fraudulent transfer claims against parties other than the debtor.

## Conclusion

Despite the plaintiff's effort to lump together this added group of defendants with the conduct that is attributed in the Second Amended Complaint to only the acts alleged of Sergio Garcia and Sergio's Entities, the pleading standard will not permit these claims to stand against the Garcia II Defendants. Pringle's efforts to circumvent the bankruptcy stay must fail due to the lack of factual allegations necessary to maintain a valid RICO conspiracy claim against the Garcia II Defendants. To proceed with the RICO conspiracy claim and the additional state law claims of fraud require more specific pleading of facts regarding each particular defendant. In all of the acts alleged, the "who" is not actually any of the Garcia II Defendants, but is admittedly Sergio Garcia or Sergio's Entities that are effectively protected from this civil suit while the bankruptcy stay is in effect. Because the plaintiff has failed to sufficiently allege plausible claims and has failed to allege with particularity as required by Rule 9(b), the Second Amended Complaint should be dismissed as to the Garcia II Defendants.

WHEREFORE, defendants, Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC, request an order dismissing the plaintiff's Second Amended Complaint, Counts IV and V, for failing to state a claim as to these defendants, and for all other relief deemed appropriate under the circumstances.

        Respectfully submitted,
        WOODWARD, BULS, BLASKOVICH & KING, LLP

        By:   /s/ Anne M. Coatsolonia
            Anne M. Coatsolonia, Attorney No. 27719-64
            David M. Blaskovich, Attorney No. 19757-45
            9223 Broadway, Suite A
            Merrillville, IN 46410
            (219) 736-9990
            Fax: (219) 736-9991

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned did, this day, electronically file the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Gordon E. Gouveia, gm6020@aol.com

James M. Yannakopoulos, jyannako@kblegal.net

Paul B. Poracky, PPoracky@KBLegal.net

Greg A. Bouwer, GBouwer@kblegal.net

John Edward Hughes, jhughes@hwelaw.com

Dated this 6th day of September, 2011.

        /s/ Anne M. Coatsolonia
        Anne M. Coatsolonia

14