IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.:   2:09-CV-022-PPS-PRC |
| ) | |
| MARISA GARCIA; ALPHA & OMEGA REAL ) | |
| ESTATE, LLC; GRACIELA BARAJAS; JOSE ) | |
| BARAJAS; ARTEMIO CARRENO; ALFREDO ) | |
| DEANDA; ELLIE DEANDA; ELVA GARCIA; ) | |
| MANNUEL GARCIA; MIGUEL GARCIA; ) | |
| SERGIO GARCIA, II; SERGIO E. GARCIA; ) | |
| TOMASA GARCIA; IHB REAL ESTATE, LLC; ) | |
| JESSE'S CONSTRUCTION, LLC; KRE, LLC; ) | |
| KERUSSO ASSET MANAGEMENT, LLC; ) | |
| KERUSSO KONSTRUCTION KOMPANY, LLC; ) | |
| KERUSSO REAL ESTATE, LLC; CINDY ) | |
| LYONS; REO OUTLET, LLC; REAL ESTATE ) | |
| EXPRESS, LLC; REHAB LENDING TREE, LLC; ) | |
| RENTAL SOLUTION MANAGEMENT, LLC; ) | |
| HECTOR RODRIGUEZ; STEEMMM REAL ) | |
| ESTATE, LLC and JOE WITTIG, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO MOTION TO STRIKE UNDER RULE 12(f) AND 10(c)**

The defendants, Sergio Garcia II, Elva Garcia, Tomasa Garcia, Hector Rodriguez, Jose Barajas, Graciela Barajas, Steemmm Real Estate LLC, Alpha & Omega Real Estate LLC, REO Outlet LLC, Jesse's Construction LLC, and IHB Real Estate LLC, (hereinafter, "the Garcia II Defendants"), by their attorneys David M. Blaskovich and Anne M. Coatsolonia of Woodward, Buls, Blaskovich & King, LLP, submit the following Reply to their Motion to Strike Under Rules 12(f) and 10(c):

1

**Facts**

As stated in Pringle's Response to Motion to Strike (DE 85), "Exhibit MM is not a written instrument; Exhibit MM is an organized compilation of facts provided for the convenience of the Court and the Parties." (DE 85, p. 3.)

**Analysis**

Pringle asserts in his Response brief that the Garcia II Defendants fail to provide a legal basis for striking Exhibit MM. However, the singular admission by Pringle quoted above in the Facts provides all the legal basis necessary for the Court to strike Exhibit MM from the pleadings, and, thus, refuse to consider Exhibit MM when deciding on the Garcia II Defendants' Motion to Dismiss under Rule 12(b)(6).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must limit itself to the contents of the pleadings. **Fed. R. Civ. Pro. 12(b), (d)**. Rule 7(a) limits the definition of what the court may consider, advising that "[o]nly these pleadings are allowed:  (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third party complaint; and (7) if the court orders one, a reply to an answer." **Fed. R. Civ. P. 7(a)**. Rule 10(c), as explained in the Memorandum supporting the Motion to Strike, states:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a **written instrument** that is an exhibit to a pleading is a part of the pleading for all purposes.

**Fed. R. Civ. P. 10(c)** (emphasis added).

Pringle fails to grasp that because Exhibit MM is clearly – indeed, admittedly – not a written instrument under Rule 10(c), it cannot be considered a part of the pleadings and cannot be considered by the court in ruling on a motion to dismiss. Although the Garcia II Defendants have entitled their request as a Motion to Strike, courts have described the prohibition to consider exhibits that are not written instruments either as stricken or simply as excluded from consideration. *Compare* **In re Empyrean Biosciences, Inc. Securities Litigation**, 219 F.R.D. 408, 414 (N.D. Ohio 2003) (granting defendants' motion to strike an affidavit attached as an exhibit to plaintiffs' complaint when considering defendants' motion to dismiss) *with* **Kaye v. Lone Star Fund V (U.S.), L.P.**, --- B.R. --- , 2011 WL 1548967, *11 (N.D. Tex., April 26, 2011) (excluding documents attached as exhibits from consideration of motion to dismiss). It is important to note, however, that the usual scenario where exhibits come into play in consideration of a motion to dismiss involves exhibits to the motion to dismiss rather than exhibits to the complaint. *See, e.g.,* **Kaye**, 2011 WL 1548967 at *11 (excluding exhibits to the motion to dismiss). In that situation, at no time are the exhibits purported to be incorporated into the pleadings as defined under Rule 7(a). In the matter at hand, Exhibit MM has been attached to and purportedly incorporated into Pringle's Second Amended Complaint. Based on this attempted incorporation of an exhibit which does not meet the requirements of Rule 10(c), the Garcia II Defendants ask that Exhibit MM be stricken from the Complaint under Rule 12(f) as immaterial. *See* **Rose v. Bartle**, 871 F.2d 331, 339-40 n.3 (3d Cir. 1989) (holding that affidavits are not "written instruments" under Rule 10(c) because to include affidavits in consideration "would blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted.").

In their Memorandum in Support of Motion to Strike, the Garcia II Defendants cited Seventh Circuit case law defining the term "written instrument" and thoroughly describing when it is appropriate to consider such exhibits when deciding a motion to dismiss.  Although the plaintiff boldly asserts that the Garcia II Defendants "fail to cite any case wherein a compilation of data has been stricken pursuant to Fed. R. Civ. Pro. 10(c) or 12(f)", the Court can certainly discern by the numerous case examples where articles, affidavits, commentaries, etc. are stricken from pleadings that an unauthenticated document which is, admittedly, not a written instrument cannot be incorporated into the pleadings.

A parallel example can be seen in *In re Empyrean Biosciences*, 219 F.R.D. 408.  There, plaintiff's counsel attached his own affidavit which contained evidentiary support to the complaint in an effort to add substantive allegations.  *Id.* at 410.  After a thorough discussion of the relevant Rules, the definition of a written instrument, and applicable case law, the court found that affidavit of plaintiff's counsel was not a "written instrument" for the purposes of Rule 10(c), "[r]ather it is the type of 'lengthy exhibit containing extraneous or *evidentiary material* that should not be attached to the pleadings.'"  *Id.* at 413 (emphasis in original) (quoting ***Bowens v. Aftermath Entertainment***, 254 F. Supp. 2d 629, 640 (E.D. Mich. 2003) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1327 (2d ed. 1990 & sup. 2002)).  The court granted the defendants' Motion to Strike.  *Id.* at 414.

Here, plaintiff's counsel admits now in his response brief that he authored the table provided in Exhibit MM.  Plaintiff's counsel admits that Exhibit MM is a "compilation of facts." Just as in *In re Empyrean*, counsel cannot be permitted to add a lengthy exhibit containing evidentiary material to his Complaint.  Like the court in *In re Empyrean*, the Court should grant the Garcia II Defendants' Motion to Strike Exhibit MM.

WHEREFORE, the Garcia II Defendants request that the court strike Exhibit MM submitted as an attachment to the Second Amended Complaint because the exhibit violates Rule 10(c) and that the Court consider only the pleadings in its determination on the Motion to Dismiss filed by same defendants contemporaneously with this Motion and its Memorandum in Support.

        Respectfully submitted,
WOODWARD, BULS, BLASKOVICH & KING, LLP

By:    /s/ Anne M. Coatsolonia
      Anne M. Coatsolonia, Attorney No. 27719-64
      David M. Blaskovich, Attorney No. 19757-45
      9223 Broadway, Suite A
      Merrillville, IN 46410
      (219) 736-9990
      Fax: (219) 736-9991

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that the undersigned did, this day, electronically file the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Gordon E. Gouveia, gm6020@aol.com

James M. Yannakopoulos, jyannako@kblegal.net

Paul B. Poracky, PPoracky@KBLegal.net

Greg A. Bouwer, GBouwer@kblegal.net

John Edward Hughes, jhughes@hwelaw.com

Dated this 6th day of September, 2011.

      /s/ Anne M. Coatsolonia
      Anne M. Coatsolonia