UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>MARISA GARCIA; SERGIO E. GARCIA; )<br>KERUSSO KONSTRUCTION KOMPANY )<br>LLC; KERUSSO REAL ESTATE LLC; )<br>REHAB LENDING TREE, LLC; )<br>KERUSSO REAL ESTATE; )<br>KERUSSO ASSET MANAGEMENT LLC; )<br>ELVA GARCIA; MIGUEL GARCIA; )<br>CINDY LYONS A/K/A CINDY LYON; )<br>MANUEL GARCIA AKA MANNUEL GARCIA )<br>AKA MANNY GARCIA; )<br>REAL ESTATE EXPRESS, LLC; KRE, LLC; )<br>ALPHA & OMEGA; REAL ESTATE LLC; )<br>SOLUTION MANAGEMENT LLC; )<br>ARTEMTO CARRENO; JOE WITTIG; )<br>ALFREDO DEANDA; ELLIE DEANDA; )<br>REAL ESTATE EXPRESS, LLC; JAIME )<br>GARCIA; AND DAVID GARCIA, )<br>)<br>Defendants. ) | CAUSE NO: 2:09-CV-022RM |

## MOTION TO DISMISS PLAINTIFF'S
## THIRD AMENDED COMPLAINT

Come now the Defendants, Sergio E. Garcia, Marisa Garcia, Kerusso Konstruction Kompany, LLC, Kerusso Real Estate, LLC, Kerusso Asset Management, LLC, Rehab Lending Tree, LLC, and Kerusso Real Estate ("Defendants"), by and through their attorneys Gordon E. Gouveia and Catherine Molnar-Boncela, Gouveia & Associates, LLC, and respectfully move the Court to Dismiss Counts IV, V, VI and VII of the Complaint filed on February 24, 2012 by Arthur D. Pringle, III ("Plaintiff") for failure to state a claim upon

which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Motion"). In support of this Motion, Defendants state as follows:

1. On February 24, 2012, the plaintiff, Arthur D. Pringle, III ("Pringle"), filed his Third Amended Complaint which attempted to cure the defects that the Court found in his Second Amended Complaint.[1]

2. The Defendants collectively file as a part of their responsive pleading to the Third Amended Complaint this Motion to Dismiss, relying on Federal Rule of Civil Procedure 12(b)(6), as well as the pleading standards under Rules 8 and 9.

3. The Defendants also file their Memorandum in Support of this Motion to Dismiss contemporaneously with this Motion and ask that the court consider the arguments set out below as more fully explained therein.

4. Plaintiff brings claims pursuant to the Indiana Fraudulent Transfers Act, I.C. 32-18-2-14 and 15, in Count IV. As explained more fully in the Defendants' supporting Brief, the allegations in the Complaint fail to state a claim pursuant to this statute. Accordingly, Count IV of Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

5. Plaintiff brings claims pursuant to the Indiana Fraudulent Conversion Statute, I.C. 34-24-3-1, in Count V. As explained more fully in the Defendants' supporting Brief, the Indiana Fraudulent Conversion Statute does not provide the relief Plaintiff seeks and Plaintiff has failed to state a claim pursuant to this statute. Plaintiff has failed to

---

[1] The defects were outline by this Court in its Memorandum Opinion and Order dated January 6, 2012 which gave the Plaintiff until February 24, 2012 to file a Third Amended Complaint.

2

plead facts sufficient to establish a claim under this statute. Accordingly, Count V of the Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

6. Plaintiff brings claims pursuant to the Federal Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et. seq. ("RICO") in Count VI. As explained more fully in the Defendants' supporting Brief, the RICO statute does not provide the relief Plaintiff seeks and Plaintiff has failed to state a claim pursuant to this section. Plaintiff has failed to plead facts sufficient to establish a claim under this statute. Accordingly, Count VI of Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

7. Plaintiff brings claims pursuant to the Indiana Civil Racketeer Influenced and Corrupt Organizations Act, 35-45-6-1(c)(2) ("Indiana RICO"), in Count VII. As explained more fully in the Defendants' supporting Brief, the Indiana RICO statute does not provide the relief Plaintiff seeks and Plaintiff has failed to state a claim pursuant to this section. Plaintiff has failed to plead facts sufficient to establish a claim pursuant to the Indiana RICO statute. Accordingly, Count VII of Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Wherefore, the Defendants, Sergio E. Garcia, Marisa Garcia, Kerusso Konstruction Kompany, LLC, Kerusso Real Estate, LLC, Kerusso Asset Management, LLC, Rehab Lending Tree, LLC, and Kerusso Real Estate , respectfully pray the Court dismiss Counts IV, V, VI and VII of the Plaintiff's Third Amended Complaint in accordance with Federal Rules of Civil Procedure 12(b)(6), and for all other relief deemed just and proper in the circumstances.

Respectfully submitted:

GOUVEIA & ASSOCIATES

/s/ Gordon E. Gouveia
Gordon E. Gouveia, #7235-45
Catherine Molnar-Boncela, #9996-45
Gouveia & Associates
433 W. 84th Drive
Merrillville, IN 46410
Telephone: (219) 736-6020
Email: gm6020@aol.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on the 30th day of March 2012, I served a true and complete copy of the above and foregoing instrument, via electronic mail and first class mail upon the following:

Greg A Bouwer , GBouwer@kblegal.net
James M Yannakopoulos, Email: jyannako@kblegal.net
Peter G Koransky Koransky & Bouwer PC 425 Joliet Street Suite 425 Dyer , IN 46311
David M Blaskovich, dmblasko@cwblawfirm.com
Anne M Coatsolonia, acoatsolonia@wbbklaw.com
John Edward Hughes, jhughes@hwelaw.com
Kimberly Patricia Peil, kpeil@hwelaw.com
Paul B Poracky, Pporacky@KBLegal.net

/s/ Gordon E. Gouveia
Gordon E. Gouveia