IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.:   2:09-CV-022RM |
| | ) |
| MARISA GARCIA, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ELVA AND ALPHA'S REPLY TO PRINGLE'S RESPONSE TO MOTION TO DISMISS

Defendants, Elva Garcia and Alpha & Omega Real Estate LLC, (hereinafter "Elva and Alpha"), by their attorneys David M. Blaskovich and David W. Masse of Woodward, Buls, Blaskovich & King, LLP, in reply to Pringle's response to the third motion to dismiss the plaintiff's Third Amended Complaint because it fails to state a claim upon which relief can be granted, now states as follows:

### I.   Introduction

On February 24, 2012, the plaintiff, Arthur D. Pringle, III ("Pringle"), filed his Third Amended Complaint, which named only two of the original eleven "Garcia II Defendants" that were represented by undersigned counsel after the filing and dismissal of Pringle's Second Amended Complaint in this matter. These are Elva Garcia ("Elva"), and Alpha & Omega Real Estate LLC, ("Alpha & Omega"), (together referred to as Elva and Alpha). Counts IV, VI and VII of this Third Amended Complaint include claims against Elva and Alpha and are the subject of this pending Motion to Dismiss Pringle's Third Amended Complaint. Count IV is a claim under Indiana's Fraudulent Transfers Act, Indiana Code §§ 32-18-2-14 and 32-18-2-15; Count

1

VI is a federal Civil RICO claim under 18 U.S.C. § 1961 et seq.; and Count VII is a claim under Indiana's Civil RICO statute, Indiana Code § 34-24-2-6(b). As noted, Pringle's Third Amended Complaint is predominantly comprised of factual allegations about the original set of debtor defendants from the plaintiff's Complaint defined as the "Garcias" (Sergio E. and Marisa Garcia) and the "Garcia Entities" (Kerusso Real Estate, Kerusso Konstruction, Kerusso Asset Management, LLC, and Rehab Lending Tree, LLC). Elva and Alpha are present in only a few of the allegations pleaded. In Pringle's response to Elva & Alpha's third motion to dismiss, Pringle addresses each of Counts IV, VI & VII. Elva & Alpha now reply in kind to each of the aforementioned counts in turn.

## Argument

I. <u>Count IV Alleging Violation of the Fraudulent Transfers Act Fails to State a Claim against Elva and Alpha.</u>

In Pringle's response he essentially concedes that the only possible implication as to the Elva and Alpha defendants alleged under Count IV is as "grantees" of the alleged fraudulent transfers involving the other Garcia defendants.[1] Moreover, in his response Pringle merely reiterates and restates the bald allegations that Alpha & Omega was a grantor of 33 of the 77 transfers made. Pringle contends that in paragraph 46 of this Third Amended Complaint that the transfers at issue "were undertaken …without the …(transferors) receiving reasonably equivalent value in exchange for such transfers." Pringle further contends that he "doubts that any consideration was exchange (sic), but Elva and Alpha have yet to turn over any discovery

---

[1] Pringle also claims that Elva has membership interests in both grantor and grantee entities. But as discussed in the memorandum of law in support of the third motion to dismiss, Indiana statutes and case law do not allow personal liability for acts which may be attributable to a corporation except in limited circumstances where the corporate veil is pierced. See: *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994) and *Community Care Centers Inc. v. Hamilton*, 774 N.E.2d 559, 562-63 (Ind. Ct. Ap. 2002) (wherein the court held personal liability could attach only after judgment against the corporation through piercing the corporate veil).

responses that might shed light on the issue."[2] Again these allegations amount to nothing more than bald assertions, without the requisite specifics as detailed in Elva & Alpha's motion (with memorandum) to dismiss the third amended complaint.

Specifically, Pringle contends (with respect to Court IV) in paragraph 46 there is specific detail listed as to the "who," "what," "when" and "how" the fraudulent transfers occurred. Pringle cites sub paragraph (46W) as an example, which provides:

**W.   Through a warranty deed dated September 2, 2008, and recorded with the Lake County Recorder's Office on September 3, 2008, Alpha & Omega Real Estate LLC obtained title to the property commonly known as 720 Johnson St., Gary, IN 46402; such property was previously owned by a Garcia Debtor, Kerusso Real Estate.**

Pringle contends the "who" was Kerusso Real Estate as grantor and Alpha & Omega Real Estate as grantee. The "what" is the property at 720 Johnson St., Gary, IN 46402. The "when" was September 2 and 3rd, 2008 (recording dates), and the "how" was through a transfer of a warranty deed (See Pringle's response brief page 7).

Pringle's argument in this respect must fail. Pringle has only detailed specific averments in this third amended complaint that a transfer was made to Alpha & Omega as the grantee (it is alleged that 33 of the transfers involved Alpha & Omega). The time and place of the recording of a deed (deeds) is not indicative of specific allegations of fraud. It merely shows when and where a deed was recorded.

As stated in this Court's order of January 6, 2012, Pringle's pleading must include in any fraudulent conveyance claim the "identity of the person making the misrepresentation, the time, place, and content of the misrepresentation and the method by which the misrepresentation was communicated to the plaintiff." Here, Pringle has once again failed to include specific facts

---

[2] Notably Pringle files this response without requesting additional time due to obtain discovery responses.

3

necessary to put forth a plausible claim for fraud (or fraudulent transfer) against Elva and Alpha. No specific action or misrepresentation (other than Alpha and Omega's designation as grantor in 33 of the 77 transfers) by Elva and Alpha is identified anywhere in the pleadings. It is not sufficient to merely allege fraudulent transfers by alleging that Alpha & Omega were grantees without alleging specific and overt acts by Alpha & Omega which were fraudulent. All Pringle alleges is that Alpha & Omega was the grantee in 33 allegedly fraudulent transfers. But Pringle fails to allege how, why, or in what way Elva and Alpha were specifically involved in fraud. What Pringle really alleges is that other Garcia defendants were involved in fraudulent activities. But with respect to Elva and Alpha all he can allege is that they received property.

Elva and Alpha cite the Indiana Court of Appeals' holding in *Shi v. Yi,* 921 N.E.2d 31 (Ind. Ct. App. 2010) in support of their motion to dismiss. Pringle attempts to distinguish this case from the facts of his own situation because here Alpha & Omega is listed as grantee in 33 of the 77 alleged fraudulent transfers. However, Pringle's argument misses the mark. It is not enough that Alpha & Omega is merely the grantee. There must be some specific allegation made to show what overt act was undertaken by the grantee. See *Shi, supra,* p. 38 where the court discusses the requirement of active participation in the fraud and subsequent disposition of the property. Here, just as this Court previously noted, Pringle has failed to include specific facts necessary to put forth a plausible claim for fraud against Elva & Alpha & Omega. No specific action or misrepresentations are made other than being mere grantees of the property in question.

Finally, Pringle cites *Rose v. Mercantile National Bank of Hammond,* 868 N.E.2d 772 (Ind. 2007), in support of his argument that merely alleging that Alpha & Omega is the grantee of alleged fraudulent transfers is sufficient to survive a motion to dismiss. In *Rose,* the Indiana Supreme Court analyzed the effect of transferred property in the context of a proceeding

supplemental claim. *Id.* at 776-777. The Court merely upheld the trial court's decision that the transfer of certain bank funds to Rose and Underwood was fraudulent. The holding in *Rose* in no way supports Pringle's contention that it has asserted a viable fraudulent transfer claim merely by alleging that Alpha & Omega were grantees of a fraudulent transfer. *Id.* Also, the allegations against Rose and Underwood were specific, i.e., that they transferred funds from Jasper-Newton's bank to evade a judgment. Conversely no specific allegations are made against Elva and Alpha, but merely general allegations that Alpha & Omega was a grantee in 33 of 77 allegedly fraudulent transfers.

Accordingly, Pringle's claims under the Indiana Fraudulent Transfers Act still fail to allege with particularity any facts as to Elva & Alpha's participation in any transfers other than as mere grantee. Count IV is not pleaded with the requisite specificity to merit moving forward against Elva and Alpha, and the Court should dismiss this claim as to both parties.

II.     Counts VI & VII Alleging Violation of the Federal Civil RICO Act Fails to State a Claim against Elva and Alpha.

Pringle's Third Amended Complaint identifies the "Garcia Family" as an association-in-fact enterprise. In Paragraphs 79-85, it simply lists the relationships of many entities and relatives without including any allegations that implicate these relatives and entities in any of the predicate acts or fraud claims specifically outlined in Count V, on which the pleading relies. Again, casting a net to include relatives and related entities of a debtor is improper "lumping together". Just as was the case with Pringle's fraudulent transfer claims, as to the first element of a RICO claim, conduct, Pringle has failed to plead with specificity the fraudulent conduct of the defendants here.

In response, Pringle again relies on the fact that Elva is a member of Alpha & Omega, and that Alpha & Omega was the grantee of 33 of the 77 transfers alleged to be fraudulent. But this is insufficiently particular to set forth the specifics needed to sustain a civil RICO action. *See, e.g., U.S. ex rel Main v. Oakland City University*, 426 F.3d 914, 917 (7th Cir. 2005). The Third Amended Complaint, like its predecessor, is void of specific factual allegations regarding Elva and Alpha. Pringle failed to describe the time, place, and content of the mail and wire communications made by Elva and Alpha as required. Instead Pringle merely relies on inferences associated with Elva's position as a member of Alpha and KKK (another grantor). The only specifics cited by Pringle are the dates and times of the recordings of deeds, which again proves nothing more than that a transfer of property was made to Alpha & Omega. These are not the specifics required under state and federal RICO statutes. Specifically, Pringle fails to set forth any fraudulent or illegal conduct. Merely averring that transfers of property were made on specific times and dates does not amount to specific allegations of fraudulent conduct necessary to sustain a RICO action.

Elva and Alpha and Omega cannot be lumped together with the debtor defendants without identifying which made a misrepresentation or communication. The pleading contains no further facts alleged regarding the what, when, where, and how they participated in any fraudulent activities except those showing that a transfer of property was made. Pringle fails to counter the logic and precedent cited by Elva and Alpha in *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399-400 (7th Cir. 2009) (affirming dismissal of RICO claim where plaintiff failed to adequately plead both directing or conducting the enterprise and association-in-fact); *Kaye*, 357 Fed. Appx. at 714-15 (affirming dismissal for failure to adequately plead fraud claim);

*Bachewicz v. Preferred Development*, 2011 WL 2560218, *6 (N.D. Ill. June 28, 2011) (dismissing RICO claim for failure to plead with particularity); *Perfect Flowers v. Teleflora LLC*, 2011 WL 2462224, *4 (S.D. Ind. June 17, 2011) (dismissing RICO claim for failure to properly plead the underlying predicate act under Rule 9(b) as well as failing to plead with specificity that defendant engaged in conduct continuously or that there was a threat of future conduct); *Oberoi*, 2011 WL 1337107 at *4 (granting defendants' motion to dismiss for failure to demonstrate an enterprise through proof of an ongoing association and failure to demonstrate defendants shared in the profits of the alleged enterprise). Again, all Pringle has alleged here on the face of the pleadings is that Alpha & Omega was granted property. Neither Elva nor Alpha and Omega is alleged to have executed any fraudulent conveyance.

Finally, Pringle argues that it may still have viable civil RICO claims in counts VI And VII of his third amended complaint under a conspiracy theory. Pringle cites *Gagan v. American Cablevision,* 77 F.3d 951, 961 (7th Cir. 1995) in support of its position. However, Pringle's analysis here also misses the mark. *Gagan* requires an overt act by the defendant in furtherance of the conspiracy that injured the plaintiff. *D at 958-959.* Pringle's RICO claims fail for the same reasons his fraudulent transfer claims fail; because there is nothing more alleged with specificity then that Elva and Alpha were grantees of real estate. There is no overt act plead. It is insufficient to merely allege one conspired without naming the overt act one is alleged to have engaged in. The only acts alleged at all against Elva and Alpha that fall outside the ambit of general association with the other Garcia entities are that Elva and Alpha are alleged (Elva as the principal of Alpha) to have been granted property. These allegations simply do not sustain claims under the Federal or State Civil RICO statutes.

Because the allegations of the Third Amended Complaint fail to allege any acts by Elva and Alpha under Indiana Code § 35-43-5-4(8) which can be the basis for the underlying acts under Indiana's Civil RICO statute, the Court should dismiss Counts VI and VII as to Elva and Alpha.

III.    Proceedings Supplemental as the Proper Procedure

Pringle's Third Amended Complaint, like those before it, alleges the rights of a creditor attempting to collect debts of the Garcia Debtors. Unless and until Pringle **obtains a judgment** against his debtors, any third parties who may have received transferred assets are improper defendants. Alpha & Omega is the grantee of property. Whether or not that property is subject to the reach of Pringle is dependent upon whether Pringle is successful against the other Garcia Defendants. If Pringle obtains a judgment, the Federal Rules, specifically, Rule 69, provide the means for him to conduct discovery regarding a judgment debtor. Based upon the underlying creditor-debtor claim here, the dictates of Rule 69, and the fact that Elva and Alpha and Omega are presenting their third motion to dismiss in this matter making the same basic argument as before, they pray the Court dismiss these claims with prejudice to prevent any further attempts to improperly implicate them in this litigation.

## Conclusion

Pringle's response to this third motion to dismiss filed by Elva and Alpha focuses on one key fact, that being how in 33 of 77 transfers of property, Alpha & Omega was the grantee. Pringle asks the Court to speculate and infer that claims of fraud and RICO violations are viable based on these inferences created by the transfer. The problem is that Pringle offers nothing specific to back up these inferences and allegations. Pringle is unable to plead with the requisite specifics but asks that inferences be made based upon association. Ultimately, Pringle fails to

establish that he sufficiently plead plausible claims and has failed to allege his claims with particularity as required by Rule 9(b). Also, because it is improper for a creditor to extend his reach beyond his debtors until after he has a judgment and can proceed with execution of judgment under Rule 69, the Third Amended Complaint should be dismissed with prejudice as to the Defendants as argued herein.

WHEREFORE, Defendants, Elva Garcia and Alpha & Omega Real Estate LLC, pray the Court dismiss with prejudice the plaintiff's Third Amended Complaint, Counts IV, VI and VII, for failing to state a claim as to these Defendants, and for all other appropriate relief in the premises.

Respectfully submitted,
WOODWARD, BULS, BLASKOVICH & KING, LLP

By:    /s/ David W. Masse
      David W. Masse, Attorney No. 24294-64
      David M. Blaskovich, Attorney No. 19757-45
      9223 Broadway, Suite A
      Merrillville, IN 46410
      (219) 736-9990
      Fax: (219) 736-9991

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned did, this day, electronically file the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Gordon E. Gouveia

gm6020@aol.com

Greg A. Bouwer

GBouwer@kblegal.net

John Edward Hughes

jhughes@hwelaw.com

Dated this 7th day of September, 2012.

/s David W. Masse