UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) CAUSE NO: 2:09-CV-022RM |
| | ) |
| MARISA GARCIA; SERGIO E. GARCIA; | ) |
| KERUSSO KONSTRUCTION KOMPANY | ) |
| LLC; KERUSSO REAL ESTATE LLC; | ) |
| REHAB LENDING TREE, LLC; | ) |
| KERUSSO REAL ESTATE; | ) |
| KERUSSO ASSET MANAGEMENT LLC; | ) |
| ELVA GARCIA; MIGUEL GARCIA; | ) |
| CINDY LYONS A/K/A CINDY LYON; | ) |
| MANUEL GARCIA AKA MANNUEL GARCIA | ) |
| AKA MANNY GARCIA; | ) |
| REAL ESTATE EXPRESS, LLC; KRE, LLC; | ) |
| ALPHA & OMEGA; REAL ESTATE LLC; | ) |
| SOLUTION MANAGEMENT LLC; | ) |
| ARTEMTO CARRENO; JOE WITTIG; | ) |
| ALFREDO DEANDA; ELLIE DEANDA; | ) |
| REAL ESTATE EXPRESS, LLC; JAIME | ) |
| GARCIA; AND DAVID GARCIA, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION
### TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Come now the Defendants, Sergio E. Garcia, Marisa Garcia, Kerusso Konstruction Kompany, LLC, Kerusso Real Estate, LLC, Kerusso Asset Management, LLC, Rehab Lending Tree, LLC, and Kerusso Real Estate ("Defendants"), by and through their attorneys Gordon E. Gouveia and Catherine Molnar-Boncela, Gouveia & Associates, LLC, and submit this Reply in Support of Defendants Motion to Dismiss Counts IV, V, VI and VII of the Third Amended Complaint filed by Arthur D. Pringle, III ("Plaintiff") for failure to state a

claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Motion"). In support of this Motion, Defendants state as follows:

**Introduction**

On February 24, 2012, the plaintiff, Arthur D. Pringle, III ("Pringle"), filed his Third Amended Complaint which attempted to cure the defects that the Court found in his Second Amended Complaint.[1] The Defendants collectively file as a part of their responsive pleading to the Third Amended Complaint this Motion to Dismiss, relying on Federal Rule of Civil Procedure 12(b)(6), as well as the pleading standards under Rules 8 and 9.

Plaintiff brings claims pursuant to the Indiana Fraudulent Transfers Act, I.C. 32-18-2-14 and 15, in Count IV. Plaintiff brings claims pursuant to the Indiana Fraudulent Conversion Statute, I.C. 34-24-3-1, in Count V. Plaintiff brings claims pursuant to the Federal Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et. seq. ("RICO") in Count VI. Plaintiff brings claims pursuant to the Indiana Civil Racketeer Influenced and Corrupt Organizations Act, 35-45-6-1(c)(2) ("Indiana RICO"), in Count VII. Plaintiff has failed to plead facts sufficient to establish a claim pursuant to the various statutes as set out above. Accordingly, Counts IV, V, VI and VII of Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**Argument**

    **I.**    **Count IV Indiana Fraudulent Transfers Act [I.C. 32-18-2-14]**

---

[1] The defects were outlined by this Court in its Memorandum Opinion and Order dated January 6, 2012 which gave the Plaintiff until February 24, 2012 to file a Third Amended Complaint.

The Third Amended Complaint fails to allege facts sufficient to establish that there was inadequate consideration provided for the alleged transfers of real estate by the Defendants or that the transfers met the requirements of the Indiana Fraudulent Transfer Statute. The Plaintiff seems to suggest that the identification of a transfer of real estate coupled with the bare assertion that it was for inadequate consideration meets the requirements of the statute. However, the identification/description of a transfer of real estate does **not** infer the existence of a fraudulent transfer when the seller allegedly owes a debt to a third person.

The allegations in the Plaintiff's Third Amended Complaint do not refer to the market values of the property or the existence of mortgages or lack thereof on the real estate involved in the transactions. This information is required to particularly allege the existence of a fraudulent transfer. To illustrate, a parcel of real estate with a fair market value of $20,000 and a mortgage of $30,000 that is transferred by a seller to a third party with no consideration paid directly to the seller as a result of the transfer is potentially a bad deal to the buyer, but not a fraudulent transfer as to a party that had loaned money to the seller. The sale or transfer of real estate is **not** per se fraud. The Third Amended Complaint does nothing more than identify transfers of real estate by the Defendants and then allege that because the transfers existed the transfers were fraudulent. The Complaint fails to provide any of the foregoing analysis and required allegations of fraudulent transfers. Especially in light of the realization that the Defendants were in the real estate business during the largest economic downturn and real estate market crash since the Great Depression.

II.     **Count V Criminal Conversion [I.C. 34-24-3-1]**

The Indiana Criminal Conversion statute requires a finding that the defendant knowingly converted property belonging to the Plaintiff. I.C. 34-34-3-1. A failed commercial transaction does not imply the existence of a criminal conversion or the existence of a Ponzi scheme. The allegations of the Plaintiff in the Third Amended Complaint provide notice of nothing more than a commercial transaction with an unfavorable outcome to the Plaintiff at a time when economic difficulties and loan defaults were rather common in the Northwest Indiana real estate market. Count V of the Plaintiff's Third Amended Complaint should be dismissed for failure to state a claim upon which relief could be granted. The elements of a criminal conversion do not exist here.

The Complaint does not allege that the Defendants converted property of the Plaintiff for their benefit. Using the proceeds of a loan in the Defendants' business is not a criminal conversion. The Plaintiff refers this court to *Ruse v. Bleeke*, 914 N.E.2d 1 (Ind. Ct. App. 2009), arguing that an investment in a partnership should be by analogy similar to a commercial transaction. The extension of the *Ruse* holding to this case would mean that any commercial transaction would amount to conversion if the funds were not used to pay back the debt. The Complaint has not alleged that the Plaintiff's property was "converted" by the Defendants.

    III.    **Count VI Federal RICO claim [18 U.S.C. §1961]**

The Plaintiff has not alleged sufficient facts to state a claim under 11 U.S.C. § 1961. Congress enacted RICO to target long-term criminal activity, not as a means of resolving commercial disputes. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019-1022 (7th Cir.

4

1992). "Not all questionable conduct is a 'scheme or artifice to defraud'." ***Reynolds v. East Dyer Dev***, 882 F.2d 1249, 1252 (7th Cir. 1989).

Further, the Plaintiff must allege that the predicate offense not only was a "but for" cause of his injury, but was the proximate cause as well; this means that the link between the alleged RICO conspiracy and the plaintiff's injury must not be "too remote," or "purely contingent," or "indirect." 18 U.S.C.A. § 1961 et seq. The Plaintiff has spent considerable time outlining alleged transactions, but has not been able to relate the alleged transactions to the inability of the Defendants to repay the alleged commercial transactions at the source of this controversy. This case involves an alleged series of commercial transactions involving loans between the Plaintiff and the Defendants. The transactions described by the Plaintiff in his Complaint involve the Defendants and the transfer of real estate during the most serious economic downturn and resulting real estate market contraction, since the Great Depression. The failure of a commercial transaction to generate a profit or the failure to repay a loan is not criminal, as suggested by the Plaintiff.

**IV.    Count VII Indiana Civil Rico [I.C. 35-45-6-1(c)(2)]**

Initially, the Defendants note that Indiana RICO is patterned after federal RICO and thus the analysis of Count VII mirrors Count VI. The problems outlined in connection with a series of commercial transactions do not represent criminal activity.

Wherefore, the Defendants, Sergio E. Garcia, Marisa Garcia, Kerusso Konstruction Kompany, LLC, Kerusso Real Estate, LLC, Kerusso Asset Management, LLC, Rehab Lending Tree, LLC, and Kerusso Real Estate , respectfully pray the Court dismiss Counts IV, V, VI and VII of the Plaintiff's Third Amended Complaint in accordance with Federal

Rules of Civil Procedure 12(b)(6), and for all other relief deemed just and proper in the circumstances.

Respectfully submitted:

GOUVEIA & ASSOCIATES

/s/ Gordon E. Gouveia
Gordon E. Gouveia, #7235-45
Catherine Molnar-Boncela, #9996-45
Gouveia & Associates
433 W. 84th Drive
Merrillville, IN 46410
Telephone: (219) 736-6020
Email: gm6020@aol.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on the 12th day of September 2012, I served a true and complete copy of the above and foregoing instrument, via electronic mail and first class mail upon the following:

Greg A Bouwer, GBouwer@kblegal.net
James M Yannakopoulos, Email: jyannako@kblegal.net
Peter G Koransky Koransky & Bouwer PC 425 Joliet Street Suite 425 Dyer, IN 46311
David M Blaskovich, dmblasko@cwblawfirm.com

John Edward Hughes, jhughes@hwelaw.com
Kimberly Patricia Peil, kpeil@hwelaw.com
Paul B Poracky, Pporacky@KBLegal.net

/s/ Gordon E. Gouveia
Gordon E. Gouveia
