# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARISA GARCIA, *et al.,* )<br>Defendants. ) | CAUSE NO.: 2:09-CV-22-PPS-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Amend Answer to Plaintiff's Third Amended Complaint [DE 173], filed by Defendants Marisa Garcia, Sergio Garcia, Kerusso Asset Management, LLC, Rehab Lending Tree, LLC, Kerusso Real Estate, LLC, Kerusso Real Estate, and Kerusso Konstruction Kompany, LLC on January 17, 2013. Plaintiff Arthur D. Pringle III filed a response on January 31, 2013. Defendants filed a reply on February 11, 2013.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 5, 2009, Plaintiff filed a Complaint against Defendants. In the original Complaint, Plaintiff alleged, among other things, that he had made various commercial business loans to Defendants Kerusso Konstruction Kompany and Rehab Lending Tree. He further alleged that at the time of filing he was owed more than $4.5 million on the loans. Plaintiff has since amended his original Complaint twice, but the claims concerning the loans remain unchanged in Plaintiff's Third Amended Complaint. Plaintiff's Third Amended Complaint was filed on February 24, 2012. Defendants filed their Answer to Plaintiff's Third Amended Complaint ("Answer") on March 30, 2012. On April 5, 2012, the Court set July 23, 2012, as the deadline for motions concerning further amendments to the pleadings. Defendants' motion, filed in January 2013, asks the Court for leave to amend their Answer to Plaintiff's Third Amended Complaint. They assert that

1

information gained through discovery suggests Plaintiff was not the source of funds for some of the loans mentioned above, and they seek to amend their Answer to reflect the new evidence.

## STANDARD OF REVIEW

If a party may not amend its pleading as a matter of course under Federal Rule of Civil Procedure 15(a)(1), Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that a court "should freely give leave when justice so requires." *Id.* However, leave to amend may be denied "on the grounds of undue delay, bad faith, dilatory motive, prejudice or futility." *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004). The decision whether "to grant or deny a motion for leave to file an amended pleading is a matter purely within the sound discretion of the district court." *Id.* (citation and internal quotation marks omitted).

However, under Rule 16(b)(4), when a party moves to "amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). The "good cause" standard for Rule 16 "primarily considers the diligence of the party seeking the amendment" and requires a party to "show that despite their diligence the time table could not have reasonably been met." *Id.*

## ANALYSIS

Defendants ask the Court to grant leave for them to amend their Answer to Plaintiff's Third Amended Complaint. They represent that evidence disclosed in discovery suggests Plaintiff was not the sole source of funds for some of the loans at issue in this case, and they seek leave to amend in order to include this new information in their Answer. Defendants have not argued that they are entitled to amend as a matter of course under Rule 15(a)(1), and the record reveals that they are not.

Additionally, because the instant motion was filed almost six months after the deadline for filing amended pleadings, Defendants must show good cause for amending their pleading under Rule 16(b)(4).

While Defendants' motion does not explicitly address Rule 16(b)(4)'s good cause standard, the Court finds that it contains an argument suggesting they have good cause for requesting leave to amend at this late date: that the new evidence was disclosed in discovery after they had filed their Answer to Plaintiff's Third Amended Complaint. Plaintiff argues that leave to amend should be denied because Defendants have failed to reveal the content of the newly discovered evidence and because there has been undue delay in bringing the motion.

The Court agrees with Plaintiff that leave to amend should be denied, although it reaches that conclusion for a different reason. Under Rule 16(b)(4), Defendants must show good cause for why they should be granted leave to amend their Answer six months after the deadline for amending pleadings has passed. The burden is on them to show that a lack of diligence is not the cause of the instant motion being filed at this point in the litigation. They have failed to do so. The fact that the evidence serving as the basis for the proposed amendment may have been disclosed to them after they had filed their Answer, by itself, does not suffice to establish good cause. They filed their Answer in March 2012 and the instant motion in January 2013. Defendants have not provided the Court with any indication of exactly *when* in this nine-month window of time the information was disclosed through discovery. Without such an indication, the Court is unable to reach any conclusion as to whether Defendants have shown the diligence required under Rule 16(b)(4). As a result, Defendants have failed to meet their burden, and the Court denies their motion.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Leave to Amend Answer to Plaintiff's Third Amended Complaint [DE 173]. Because Defendants' proposed amended answer was prematurely filed, the Court **DIRECTS** the Clerk of the Court to **STRIKE** Defendants' Amended Answer to Plaintiff's Third Amended Complaint [DE 178].

SO ORDERED this 8th day of May, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record