UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR D. PRINGLE III,  )  <br>        Plaintiff,           ) <br>                                  ) <br>        v.                        )      CAUSE NO.: 2:09-CV-22-PPS-PRC <br>                                  ) <br> MARISA GARCIA, *et al.*,  ) <br>        Defendants.         ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff, Arthur D. Pringle III's, Motion for Default, or in the Alternative, to Compel Good Faith Discovery Responses [165], filed by Plaintiff Arthur D. Pringle III on January 4, 2013. Defendants Sergio Garcia and Rehab Lending Tree, LLC filed their response on January 10, 2013. Plaintiff filed his reply on January 17, 2013.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 5, 2009, Plaintiff filed a Complaint against multiple Defendants, including Sergio Garcia and Rehab Lending Tree, alleging, among other things, that he had made various commercial business loans to Rehab Lending Tree and Sergio Garcia and that the loans had yet to be fully repaid. The matter was stayed for almost three years with respect to Mr. Garcia following his filing for bankruptcy. The stay was lifted in April 2012. On May 31, 2012, Plaintiff served written Interrogatories and Requests for Production of Documents on Defendants. Defendants provided responses to the written discovery on July 16, 2012. On November 27, 2012, a Notice of Deposition was sent to Rehab Lending Tree, setting the deposition of the person most knowledgeable about Rehab Lending Tree for December 18, 2012. On December 18, 2012, Sergio Garcia was deposed as the designated representative of Rehab Lending Tree. During a break in the deposition, counsel for Plaintiff and counsel for Defendants conferred regarding Plaintiff's

1

dissatisfaction with Mr. Garcia's deposition testimony on behalf of Rehab Lending Tree and Defendants' response to written discovery in general. Unable to resolve the dispute, Plaintiff filed the instant motion on January 4, 2013.

## ANALYSIS

Plaintiff presents the Court with alternative motions. Plaintiff seeks an order compelling Defendants under Federal Rule of Civil Procedure 37(a) to provide complete and non-evasive answers to written Interrogatories and Requests for Production of Documents, and non-evasive answers to questions posed to the Defendant in a deposition. Alternatively, Plaintiff seeks an order of default against Defendants. The Court will address each in turn.

### A. Interrogatories

Plaintiff asks the Court to compel Defendants to provide complete and non-evasive answers to written interrogatories. However, at no point in Plaintiff's motion or reply brief does Plaintiff direct the Court to a specific interrogatory submitted to Defendants. Further, and more importantly, at no point does Plaintiff's motion or reply brief inform the Court how any answer provided by Defendants is evasive or incomplete. Given that Plaintiff has conceded that Defendants have responded to written discovery, the Court is unable to find any basis for compelling Defendants to provide further answers to the interrogatories submitted by Plaintiff. Consequently, the request for an order compelling Defendants to provide complete and non-evasive answers to written interrogatories is denied.

### B. Production of Documents

Next, Plaintiff asks the Court to compel Defendants to provide complete and non-evasive answers to his Requests for Production of Documents. Plaintiff's motion argues that Defendants' answer to the Request for Production from Rehab Lending Tree improperly failed to include an

operating agreement, promissory notes, mortgages, and documentation evidencing loans between any borrowers. Other than these missing documents, Plaintiff does not explain how Defendant's response to the Request for Production has been deficient. Defendants respond by arguing that Plaintiff's Request for Production was overly broad and ambiguous, that they have provided 16,672 pages of material responsive to Plaintiff's request for production, and that they will disclose additional information as it becomes available in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Although Plaintiff's motion fails to explain which Requests for Production asked for the operating agreement, promissory notes, mortgages, and loan documents, Plaintiff's reply brief suggests that the first and fourth requests cover these documents. After reviewing the Request for Production, the Court finds that the first request asked for the operating agreement and the fourth request asked for any promissory notes, mortgages, and documents concerning loans.

As to the request for Rehab Lending Tree's operating agreement, it appears from Mr. Garcia's deposition transcript that he failed to reasonably investigate the location of the document:

> Q. Is there an operating agreement for Rehab Lending Tree?
> A. I believe so.
> Q. And where is that operating agreement?
> A. I don't have no clue. I would have to track one down.

Pl. Mot., Ex. 2, p. 17. A second excerpt also suggests a failure on the part of Mr. Garcia to adequately respond to the request for production:

> Q. Do you have an operating agreement for Rehab Lending, LLC?
> A. Like I said before, I don't remember if I have one. There's a possibility I have one. After – on your break, I looked at the papers you just showed me, an exhibit, and it said it was prepared by Financial Services so it's possible they have one. I don't know exactly where one would be. If it does exist, I'm sure I can track it down.

*Id.*, p. 19. These exchanges suggest that Mr. Garcia believes that there is an operating agreement

for Rehab Lending Tree and that he can find it. Given that Defendants have not argued that the operating agreement falls outside the scope of discovery or is otherwise protected by a privilege, the Court finds that the operating agreement should have been disclosed. Defendants are ordered to find the operating agreement and produce it to Plaintiff.

As to Plaintiff's request for promissory notes, mortgages, and other documents concerning loans made by Rehab Lending Tree, Mr. Garcia's deposition testimony again provides support for an order compelling disclosure:

> Q. Other than the three HUD statements that were provided, there were no other loans made by Rehab Lending Tree?
> A. I'm sure there was.
> Q. Where are those documents?
> A. The documents that there was loans? Is that what you're asking?
> Q. Yes.
> A. If they were not in my discovery, then I would have to track them down. I don't know.

*Id.*, p. 23. Here, Mr. Garcia testifies that he is certain that there were other loans made by Rehab Lending Tree. Further, he does not contest that there are documents concerning these loans. Instead, he asserts that he does not know where they are. As with the operating agreement, Defendants do not argue that the documents fall outside the scope of discovery or that they are privileged in some respect. Thus, the Court finds that the documents should have been disclosed to Plaintiff and orders Defendants to find the promissory notes, mortgages, and other documents concerning loans made by Rehab Lending Tree and produce them to Plaintiff.

### C. Deposition

Next, Plaintiff asks the Court for an order compelling non-evasive answers to questions posed to Mr. Garcia as the designated representative of Rehab Lending Tree. Defendants respond that any deficiencies in Mr. Garcia's testimony at the deposition can be attributed to the amount of

time that had passed since the relevant events and the number of similar real estate transactions that Mr. Garcia has engaged in over the past ten years.

Plaintiff's motion fails to provide any explanation of exactly how Mr. Garcia's deposition testimony is evasive. Instead, Plaintiff's motion quotes large portions of Mr. Garcia's deposition testimony and concludes that the testimony is evasive. The Court does not find the testimony cited by Plaintiff to be inherently evasive. While the exchanges cited in Plaintiff's motion show Mr. Garcia professing a lack of knowledge as to the subject matter of the questions, many of the questions were of a nature that a lack of certainty is not entirely surprising. For example, Plaintiff quotes the following exchange:

> Q. She [Garcia's wife, Marissa Garcia] testified yesterday that she gave you authority to sign her name to documents; is that correct?
> A. That's correct.
> Q. Did you sign documents for Rehab Lending Tree, LLC on her behalf?
> A. I don't remember but it could be possible.
> Q. Do you recall your wife executing any documents on behalf of Rehab Lending Tree, LLC?
> A. I don't remember but it could be possible.

Pl. Mot., pp. 4-5. This exchange, typical of those cited by Plaintiff, does not demonstrate an intent to be evasive or non-responsive.

More importantly, the Court finds that Plaintiff failed to demonstrate compliance with Federal Rule of Civil Procedure 30(b)(6) in conducting the deposition. Rule 30(b)(6) provides that "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and *must* describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added). The Notice of Deposition to Rehab Lending Tree included no description of the matters to be discussed during the deposition. Pl. Mot., Exh. 3, p. 1. Also, the transcript of the deposition

indicates that Mr. Garcia was being deposed as a representative of Rehab Lending Tree. Plaintiff's counsel opened the deposition stating, "Let the record reflect this is a deposition of a representative from Rehab Lending Tree, LLC." Pl. Mot., Exh. 4, p. 1. Because it appears that Plaintiff failed to provide Rehab Lending Tree with a description of the matters to be discussed during the deposition in violation of Rule 30(b)(6) and because the Court does not find Mr. Garcia's deposition testimony to be inherently evasive, Plaintiff's request for an order compelling non-evasive deposition answers is denied.

### D. Rule 37(a) Expenses

Next, Plaintiff's motion asks the Court to award him the costs of bringing the present motion under Rule 37(a) of the Federal Rules of Civil Procedure. Rule 37(a)(5)(A) provides that a court must award a successful movant seeking a motion to compel the "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, Rule 37(a)(5)(C) provides that, if a court grants in part and denies in part a motion to compel, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Consequently, because the Court has granted in part and denied in part Plaintiff's motion to compel, the Court has discretion in deciding whether to award expenses. After considering all the circumstances, the Court concludes that an award of expenses to Plaintiff is not justified.

### D. Sanctions

Lastly, Plaintiff's motion seeks, as an alternative to the motion to compel, an order of default against Defendants. Plaintiff's motion argues at length that Defendants' alleged misconduct justifies the severe sanction. The alleged misconduct is the failure to fully respond to discovery requests that were addressed above and Mr. Garcia's behavior during his bankruptcy case. However, with one

6

exception, all of the authorities cited by Plaintiff in support of his argument involved a Court issuing sanctions after a party had violated a Court order.[1] *See, e.g.*, *Downs v. Westphal*, 78 F.3d 1252 (7th Cir. 1996) (holding that the district court did not abuse its discretion in entering a default judgment after the defendants violated numerous court orders); *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589 (7th Cir. 1992) (holding that the district court did not abuse its discretion in entering a default judgment after the plaintiff failed to appear for a deposition as ordered). Here, Plaintiff has not suggested that Defendants have violated an order of this Court, and the record reflects that they have not. Further, Plaintiff does not provide any authority suggesting a failure to provide complete discovery can justify an order of default absent a court order. Plaintiff's motion also attempts to establish a pattern of bad faith and dilatory tactics by discussing Mr. Garcia's behavior during his bankruptcy case. Plaintiff, however, cites no authority supporting the proposition that a court may order sanctions based on behavior that occurred in a separate matter. Because Plaintiff has cited no legal authority supporting an order of default, the Court concludes that an order on Plaintiff's alternative motion to compel is proper and that any request for sanctions as default is premature.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff, Arthur D. Pringle III's, Motion for Default, or in the Alternative, to Compel Good Faith Discovery

---

[1] The one exception suggests that because evasive or incomplete responses are treated as a failure to respond or answer under Rule 37(a)(4), they are treated as a failure to respond under Rule 37(d). If true, this would make default an available sanction for evasive or incomplete responses because Rule 37(d)(3) provides that sanctions for failure to answer or respond "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," and those orders include issuance of a default judgment. Fed. R. Civ. P. 37(d)(3). However, Rule 37(a)(4) explicitly limits its application to subsection (a) of Rule 37. Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Thus, evasive or incomplete responses are not treated as failures to respond or answer under Rule 37(d).

Responses [DE 165].  The Court **GRANTS** Plaintiff's request for an order compelling Defendants to disclose Rehab Lending Tree's operating agreement and any promissory notes, mortgages, and other documents concerning loans made by Rehab Lending Tree.  The Court **ORDERS** Defendants to locate the requested documents and disclose them to Plaintiff on or before **May 22, 2013**.  If Defendants are unable to produce the documents, the Court **ORDERS** Defendants to file with the Court by **May 23, 2013**, a notice stating with detail the efforts made to locate and produce the documents.  The Court **ORDERS** that the discovery deadline be extended to **May 23, 2013**, for the sole purpose of allowing Defendants to produce these documents.  The Court **DENIES** Plaintiff's request for an order compelling answers to interrogatories, for an order compelling responses to deposition questions, and for an award of the costs of bringing the instant motion.

SO ORDERED this 8th day of May, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record